Adams *vs.* Goodrich.

WILLIAM R. ADAMS, plaintiff in error, *vs.* WILLIAM` H. GOODRICH, defendant in error.

A laborer, though a mechanic, who performs actual manual labor for his employer, is entitled to a laborer's lien on the property of the latter.

Laborer's lien. Mechanic. Before JOSEPH GANAHL, Esq., Judge *pro hac vice.* Richmond Superior Court. April Term, 1875.

Reported in the decision.

JOHN S. & WILLIAM T. DAVIDSON, for plaintiff in error.

W. H. HULL ; FRANK H. MILLER, for defendant.

WARNER, Chief Justice.

This was a proceeding to foreclose a laborer's lien under the provisions of the 1974th section of the Code. It appears from the affidavit of the plaintiff and the evidence in the record, that he is a laborer and mechanic, that he was employed by the defendant, who was a contractor and builder, to work for him at $2 25 per day, payable weekly, and that defendant was indebted to him $48 95, for manual labor performed by him in sawing and dressing lumber, etc.  The court charged the jury, "that the plaintiff, Adams, was a mechanic, and not such a laborer as was entitled to a lien upon the property of his employer which could be foreclosed upon his own affidavit, under the law providing for the foreclosure of laborer's liens." To which charge the plaintiff excepted.

In our judgment, the court erred in its charge to the jury on the statement of facts disclosed in the record.  Although the plaintiff was a mechanic, he was a *laborer* within the true intent and meaning of the statute, and was entitled to a lien on the property of his employer.  A contractor may be a mechanic, but if he does not perform *manual labor*, he is not entitled to a laborer's lien on the property of his employer. So a laborer may be a mechanic, and if he performs *manual labor* as such mechanic, he is entitled to a laborer's lien on the property of his employer.  A laboring mechanic who performs actual *manual labor* for his employer, is as much entitled to a laborer's lien on his property for the value of the labor performed by him, as any other class of laborers.  There is no dispute that Adams, the plaintiff, performed the actual manual labor for his employer for which he claims a laborer's lien under the statute.  The fact that he was a mechanic at the time he performed that manual labor, does not make him

any the less a *laborer* within the true intent and meaning thereof. Laboring mechanics who perform *manual labor* for their employers, are embraced within the true intent and meaning of the statute as are any other class of laborers.

Let the judgment of the court below be reversed.