BENTON *vs.* ROBERTS *et al.*, commissioners.

1. An assignment of error not certified by the judge will not be considered here.
2. Where a county judge issued a *fi. fa.* against a tax-collector and the sureties on his bond for arrears in the taxes collected, and one of the sureties, whose property was levied on, paid off the *fi. fa.* and took control of it to re-imburse himself, and afterwards the *fi fa.* was quashed, because the county judge had no jurisdiction to so issue it; as against an equitable proceeding to recover the amount paid therefor, the statute of limitations did not begin to run in favor of the county from the date of the payment, but from the date when the *fi. fa.* was quashed.

County matters.    Tax.    Statute of Limitations.    Before Judge LAWSON.    Jasper Superior Court.    April Term, 1879.

Reported in the decision.

G. T. BARLETT; BOLLING WHITFIELD, for plaintiff in error.

FLEMING JORDAN, by Z. D. HARRISON, for defendants.

WARNER, Chief Justice.

It appears from the record in this case that the plaintiff, James Benton, on the 1st day of April, 1878, brought his equitable action against the county commissioners of Jasper county (making the tax-collector and his securities parties thereto), for the purpose of recovering the sum of $767.52, which he alleges he had paid to the county as one of the co-securities of James. T. Blackwell, tax-collector of said county. The following are the substantial allegations contained in his declaration: that on the 25th of May, 1872, the county judge of Jasper county having, by law, jurisdiction and control of the assessments and collection of taxes of said county, issued an execution against Blackwell, tax-collector, and his securities (one of whom was the plaintiff) for the sum of $510.00, with interest thereon at the rate of twenty per cent. per annum from the 20th day of

December, 1869, for arrearages of taxes due from said last mentioned day and year by said tax-collector; that said tax *fi. fa.*, on the 24th day of July, 1872, was, by the deputy sheriff of said county, levied on the property of the plain. tiff as one of the defendants therein, that afterwards (to-wit) on the 13th of May, 1873, by the advice of counsel, he paid off said *fi. fa.* as against himself, by paying to said county, through its attorney and the deputy sheriff, the sum of $767.52, and took the control of said *fi. fa.*, as is allowed sureties in such cases, and sought to reimburse himself by enforcing it against his co-sureties and defendants' *pro rata;* that on the 3d of July, and on the 20th of August, respectively, he caused said *fi. fa.* to be levied on the lands of S. W. Blackwell and E. W. Baynes, two of his co-sureties and defendants, who thereupon filed their affidavits of illegality to said *fi. fa.*, which were sustained by the court at the October term thereof, 1876, and the said *fi. fa.* was ordered to be quashed and annulled on the ground that the same was not founded upon nor issued from any court of competent jurisdiction, and was without any judgment of any court to support it, which judgment quashing said *fi. fa.* and dismissing the levies aforesaid made thereunder, was not excepted to, and is now of force. The plaintiff alleges that there was nothing due from said tax-collector to the county for taxes when said *fi. fa.* was issued, but if there was, is willing to pay his share of what may be found to be due, and prays that an accounting may be had between the plaintiff and said county of Jasper and the other defendants, and if nothing shall be found to have been due by said tax-collector to the county, that it may be adjudged to pay to the plaintiff the $767.52 collected from him, or whatever amount may be found to be justly and equitably due to him, etc. To this equitable action of the plaintiff the county commissioners demurred: First, because it appears on the face of the plaintiff's declaration that his cause of action is barred by the statute of limitations. Second, for misjoinder of parties. The court sustained the demurrer, and the plaintiff excepted.

It appears from the bill of exceptions that pending the demurrer, the plaintiff moved to amend his declaration by striking therefrom the names of the parties objected to, and after the judgment of the court upon the demurrer, the plaintiff voluntarily took an order to strike the names of the tax-collector and his securities from the declaration.

1. One ground of exception is, that pending the demurrer the court allowed the defendant's counsel to read Benton's affidavit of illegality and the judgment of the court thereon, which was not mentioned or referred to in the plaintiff's declaration. The judge certiffes that he did not recollect it, but states that the judgment of the court was predicated *solely* upon the facts contained in the declaration.

2. The only question, therefore, for our decision is, whether the demurrer was properly sustained on the ground that the plaintiff's cause of action was barred by the statute of limitations. The money was paid by the plaintiff on the tax execution issued by the county judge in favor of the county on the 13th of May, 1873, and the judgment declaring the *fi. fa.* void was rendered in October, 1876. In view of the facts in this case, as disclosed on the face of the plaintiff's declaration, did the statute of limitations commence to run against him from the time of the payment of the money, or from the time the execution was quashed by the judgment of the court? The county judge who issued the tax *fi. fá.* was the officer and agent of the county, and had, by law, jurisdiction and control of the assessment and collection of the taxes of the county, and in its name and behalf issued the tax *fi. fa.*, which was regular upon its face, and caused it to be levied upon the plaintiff's property as a valid and legal *fi. fa.* To save his property from sale under it, the plaintiff paid it as one of the tax-collector's securities so as to enable him to control it against his co-securities as provided by the 2170th section of the Code. Can the county of Jasper, the defendant, during the time it (through the plaintiff, who had been subrogated to all its rights) was

enforcing the *fi. fa.*, as a legal and valid *fi. fa.*, it having coerced the payment of it from him, and with the money in its treasury thus obtained, plead the statute of limitation until the *fi. fa.* was afterwards quashed? We think not, and that the statute in this case only commenced to run in favor of the defendant when the *fi. fa.* was quashed in October, 1876, and therefore the plaintiff's cause of action was not barred by the statute of limitations, and that the court erred in sustaining the defendant's demurrer to the plaintiff's declaration.

Let the judgment of the court below be reversed.