## SANNER *vs.* SHIVERS.

The monthly wages of a locomotive engineer in the employment of a railroad corporation are not subject to the process of garnishment in this state, although his wages exceed the sum of five hundred dollars per annum. Such an employé is a day laborer and not an officer of the corporation.

March 23, 1886.

Garnishment. Laborers. Words and Phrases. Railroads. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. September Term, 1885.

Sanner, as transferee of a judgment against Shivers, caused a garnishment to be served on the Atlanta and West Point Railroad Company. The company paid into court $60 as due by them to Shivers, and was discharged.

Shivers moved to have the amount paid to him as his wages, which he claimed to be exempt from garnishment. The case was heard in the justice's court, where it was argued on an agreed statement of the facts, from which it appeared that he was a locomotive engineer; that he was paid monthly at the rate of $3.50 per day, deductions being made for lost time ; that his average earning per month was $87.50 and exceeded $500 per year; and that he had no authority to employ or discharge hands, and only controlled the fireman while on duty at the engine in making a trip.

The plaintiff relied on the act of 1850 (see cited in 72 *Ga.*, 740 ); the defendant on Code, §3554. The justice held the wages exempt. On *certiorari,* the judge of the superior court affirmed this ruling, and the plaintiff excepted.

THOMAS FINLEY, for plaintiff in error.

R. J. JORDAN, for defendant.

BLANDFORD, Justice.

The question made by this record is as to whether the monthly wages of a locomotive engineer in the employment of a railroad corporation are subject to the process of garnishment by the laws of this state, when the wages exceed the sum of five hundred dollars. The act of 1845 (Code, §3554) declares that, " All journeymen mechanics, and day laborers shall be exempt from the process and liabilities of garnishment on their daily, weekly or monthly wages, whether in the hands of their employers or others."

We are of the opinion that a locomotive engineer is a day laborer engaged in work that requires at times great labor as well as skill, and it may be, as is often the case, that he is a mechanic ; and that he is of the class mentioned in the statute whose wages are exempt. He is not an officer of the corporation which employs him, but is a ser-

vant thereof. He gives and has no power of direction, but merely obeys and carries out the orders and directions given to him by his superiors. The court below having held and decided according to the views here expressed, his judgment must be affirmed.

Judgment affirmed.