MILLER & BUSSEY vs. DUGAS.

A conductor of a passenger or freight train, who is not employed for the purpose of doing manual labor, but whose duty is to have general control and superintendence of the train, its running and management, and supervision of the passengers and baggage on board (his wages averaging between $65 and $85 per month, subject to deduction for lost time), is not such a journeyman mechanic or day laborer as that his wages are exempt from garnishment under §3554 of the code.

November 23, 1886.

Garnishment. Wages. Laborers. Before Judge Ro-NEY. Richmond Superior Court. April Term, 1886.

On February 10, 1886, Miller & Bussey took out garnishment process in a justice's court on a judgment against Edward C. Dugas for $23.43, and served the Georgia Railroad Company, which answered that it owed him $70.00. Dugas filed a petition to have the money paid to him, on the ground that it was daily wages earned as a conductor on the trains of the company.

Plaintiffs traversed this claim, and asked the court to apply so much of the fund as was necessary to pay their judgment.

The case was heard March 8th, 1886, when Dugas testified as follows: That he was a conductor in the employment of the Georgia Railroad Company, and has been "off and on" for several years. In that capacity he works on passenger, through and way-freight trains as he may be directed by his employer. His duties are, on passenger trains, to collect the passenger fares, look to the safety of the passengers, preserve order among them, look after the running-gear of the cars, give proper signals to prevent rear collisions, and take charge of the train hands.

On freight trains there are no passengers, but his duties are otherwise the same, while in addition he sees to the delivery and receipt of freight at stations, to the leaving of cars, and keeps a record of this on way-bills which he

turns over to proper authorities at the end of each trip. He does not have sole command of the trains. He and the engineer have equal authority, and if they cannot agree on the proper course to pursue, they appeal to head-quarters for orders. If they are out of schedule time and one wishes to proceed, and the other to stop, they remain at that place. The engineer has undisputed control of his engine and the running of it. He draws his pay monthly and is paid in reference to the kind of work done, and the number of days he has worked during the month. Conductors are paid at a different rate for the different trains on which they work. A conductor on a through freight is paid at the rate of $70.00 per month, if he works every day, on a way-freight $75.00, on a passenger train $85.00. If a day is lost, his pay is diminished a proportionate amount. Dugas has worked on all three kinds of trains in one month. He sometimes works a whole month without losing any time ; then again he will lose several days. Was without work at the railroad for two months last summer, when he found other employment ; one month was his regular vacation, and at his request the superintendent allowed him to take the other month. He is liable to be discharged without any notice whatever, or, as the practice is with the railroad company, it simply fails to have work for him to do and he receives no pay. He has, as a matter of fact, received over five hundred dollars a year from his work as conductor during the past few years. He has the right to select and employ one train-hand, subject to the approval of the superintendent ; he may also discharge him.

A book of rules of the company was introduced, showing the duties of the conductor, etc.

The justice held the fund subject to the payment of the debt. Dugas carried the case to the superior court by *certiorari*, and on the hearing, counsel for the plaintiffs moved to dismiss it because the case should have been appealed to a jury in the justice's court, and not carried directly

by *certiorari* to the superior court. The presiding judge refused the motion, sustained the *certiorari* and finally disposed of the case. The plaintiffs excepted.

Wm. K. Miller, for plaintiffs in error

Bryan Cumming, for defendant.

Hall, Justice.

. As there is no conflict in the evidence on material points in this case, it will be necessary to consider and determine only one of the questions made, and that is, whether the wages of a conductor on a railroad passenger or freight train, where those wages average between $65 and $85 per month, subject to deduction for loss of time, payable monthly, are exempt from garnishment under code, §3554, as the daily, weekly or monthly wages of a journeyman mechanic or day laborer. Whether his wages are exempt from garnishment depends upon the character of the service rendered by him. It is not claimed that he is a mechanic of any description, but it is contended that he is either a day laborer or journeyman. Unless, however, he performs manual labor, and is employed for that purpose, rather than on account of his skill or intellectual qualifications to discharge important functions in overlooking and directing the operations of others engaged in running and managing the train of their common employer, and is one of them, and not above them in authority, he is not, according to the case of *Kyle & Co. vs. Montgomery*, 73 *Ga. R.* 343, either one of the persons embraced in this section of the code whose wages are exempt from garnishment. The rules of the company in whose employment he earned the wages in question, prescribe his relations to the other hands engaged in running the train, and define his duties. According to them, he is to control the running of trains, must see that schedule time is made wherever circumstances will permit, prevent reckless running

on the part of the engineer, prescribing a low rate of speed should the condition of the train require it; and should the engineer disregard his instruction, he is required to report that fact to the master of transportation. He has full charge and supervision of the conduct and management of the train, the passengers, baggage and the condition of the track; and even the engineer is bound to obey his orders while serving on the train, provided those orders are not in violation of the rules ; and when otherwise employed in the business of the company, the engineer is subject to the orders of the master of transportation. *Kyle vs. Montgomery* reviews all the previous decisions of the court, and holds the wages of such an employé as this defendant in error subject to garnishment. That case is decisive of this, and constrains us to hold that there was error in sustaining this *certiorari.* We direct that the *certiorari* be dismissed at the cost of the petitioner therefor, and that the judgment of the justice of the peace be in all things affirmed.

Judgment reversed.