tracts, or other transactions, made in a particular locality, may be proved by witnesses familiar with the existence of the same; but the rule is different in reference to the particular way or manner in which a single corporation or person transacts a specific kind of business. With reference to the latter, we have above stated to what extent proof should be allowed.

2. In view of the repeated rulings of this court, we see no reason why there should be any impropriety in the court's calling the attention of the jury to the absence or non-production of a witness who ought to have special knowledge concerning the particular fact under investigation. It appears by an affidavit attached to the motion for a new trial that the witness who ought to have known about the location of this stool at the time of the injury had been subpœnaed by both sides, and was actually in court; but this fact not being known to the court, its charge on this subject was properly given. The defendant could easily, during the trial, have informed the court of the presence of the witness; and if this had been done, the charge complained of would doubtless have been omitted.

3. The jury found from the testimony that the stool was in an improper place, and was the occasion of the injury. The evidence sustaining such finding was ample, and we will not, therefore, interfere with the discretion of the court below in refusing a new trial.

*Judgment affirmed.*

---

### JOHNSON *v.* CUMMINGS.

JUSTICES' COURTS. CERTIORARI. APPEAL.

One of the errors assigned in the *certiorari* being that the magistrate rendered judgment for the plaintiff's debt, and the action being based upon an account, there was a question of fact involved, and consequently the remedy in the first instance was not by *cer-*

*tiorari* but by appeal to a jury in the justice's court, the amount claimed being under fifty dollars.          *Judgment affirmed.*

October 19, 1891.  By two Justices.

Before Judge Marshall J. Clarke.    Fulton superior court.   September term, 1890.

E. M. Mitchell, by brief, for plaintiff in error.
J. C. Jenkins, *contra*.

---

The Southern Pacific Company *v.* Stewart.          88   13
                                                    118  790

1. Inasmuch as by the statute of the United States an application to remove a cause from a State court to the United States circuit court is in time if made "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff"; and inasmuch as the law of Georgia entitles the defendant to plead at any time before final judgment, where the case is one commenced by attachment, an application made to remove at any time before final judgment is not too late, where the defendant has filed no plea.

2. A stipulation between the parties by which the plaintiff in attachment agrees to dispense with bond as a condition to dissolving the attachment, and the defendant agrees to be bound by any judgment rendered in the State court as if said company were within the jurisdiction of said court and had been personally served, will not oust the right of removal or estop the defendant from exercising such right.

October 19, 1891.  By two Justices.

Removal to United States court.    Estoppel.    Attachment.   Before Judge Van Epps.   City court of Atlanta. March term, 1891.

Reported in the decision.

Calhoun, King & Spalding and J. T. Pendleton, for plaintiff in error.

Arnold & Arnold, *contra*.

Bleckley, Chief Justice.

This was an attachment for $10,000, sued out on the