### BROWN *v.* ROBINSON.

Where the parties are at issue in a county court on the declaration and plea in an action involving more than fifty dollars, the losing party is entitled to appeal to the superior court from the final judgment rendered against him. Code, §§286, 3610(a).

February 20, 1893.

Before Judge McWHORTER. Elbert superior court. March term, 1892.

H. J. BREWER and McCURRY & PROFFITT, for plaintiff in error.

JOSEPH N. WORLEY, *contra.*

BLECKLEY, Chief Justice.

It would seem impossible to doubt that by the express terms of the code, sections 286, 3610(a), the right of appeal existed in this case. The former section declares: "If either party is dissatisfied with the judgment of the county judge, and the principal sum claimed, or damages claimed, exceeds fifty dollars, said party may enter an appeal from such judgment, within four days, under the same rules and regulations as are provided for appeals in this code," and the latter declares that "In all civil cases tried and determined by a county judge, or a justice of the peace or a notary public who is *ex officio* a justice of the peace, and on all confessions of judgment before either of said officers, where the sum claimed is more than fifty dollars, either party may, as a matter of right, enter an appeal to the superior court." The prin-

cipal sum claimed was more than fifty dollars, the case was tried and determined by a county judge, who rendered judgment for the plaintiff, and with that judgment the defendant was dissatisfied, his dissatisfaction being manifested by duly entering an appeal. The contention is, that as the plaintiff introduced evidence to prove his account, and the defendant introduced none to support his plea or to raise a conflict of evidence, no question of fact was involved, but that the sole question was as to the legal sufficiency of the plaintiff's evidence to establish the account. But the defendant did not concede the truth of this evidence; he did not demur to it or move for a nonsuit, so as to narrow down the case to any mere legal question whatever. If when the trial began there was a question of fact to be decided, that question remained in the case until judgment was rendered, and it was decided by that judgment if it was disposed of at all. If it was ever in, how else did it ever get out? And who can ever imagine that it was not sometime in; the suit being founded on an open account, and the plea being the general issue? But were the contention we have mentioned sound, that would not defeat the right of appeal, though it might entitle the defendant to waive appeal and have the judgment reviewed by the superior court on *certiorari*. In order to bring *certiorari*, he would have to eliminate questions of fact and reduce the case to one or more questions of law; but the right of appeal would not be lost by so doing, unless he elected not to appeal but to proceed instead by *certiorari*. He could not have both remedies, but he might have either at his election. He can appeal in any case provided for in the quotations made above from the code; and he can do this irrespective of any classification of the question or questions which the case involves, and irrespective of whether *certiorari* could be brought or not. Questions

of fact will restrict his remedy to appeal, but questions of law will not restrict his remedy to *certiorari*. By overlooking this distinction, the court erroneously dismissed the appeal.

In *Small* v. *Sparks*, 69 *Ga*. 745, and in *Rogers* v. *Bennett*, 78 *Ga*. 707, the appeal was taken after the case had been dismissed in the primary court. The appeal was from the judgment of dismissal. Not only did that judgment involve a mere question of law, but it put the case out of court. This being so, an appeal to the superior court was not a proper remedy by which to have it reinstated; the exclusive remedy in the superior court for that purpose was by *certiorari*. There are many *dicta* to the effect that questions exclusively of law make a case for *certiorari*, and questions of fact only, or of fact and law combined, make a case for appeal; but the true meaning of these *dicta* does not deny appeal where the judgment appealed from does not turn the case out of court, although as matter of election the losing party might have brought *certiorari* had such been his preference.　　　　　*Judgment reversed.*