SAMUELS v. BRISCOE, executor.

Some of the errors assigned in the petition for *certiorari* being that
the judgment of the magistrate was contrary to law and evidence,
and the parties having been at issue in a justice's court on matters
of fact, a review of the judgment would necessarily involve a re-
vision of these matters.   Consequently the remedy of the losing
party was appeal and not *certiorari*, and the superior court did not
err in dismissing the *certiorari* for this reason. *Judgment affirmed.*

March 26, 1894.   Argued at the last term.

*Certiorari.* Before Judge HENRY. Floyd superior court. March term, 1893.

Suit was brought in a justice's court by attachment for the purchase money of a mule. Plaintiff obtained judgment of the justice for $95 with interest and cost. Defendant carried the case to the superior court by *certiorari,* alleging that the justice erred, in sustaining plaintiff's motion to strike the plea that the vendor's purchase money debt had been satisfied; in giving judgment for plaintiff, contrary to law and evidence, in that the testimony of defendant of a former suit was received without objection, and yet judgment was given for plaintiff; in giving judgment for plaintiff, contrary to law and evidence, in that the testimony introduced by plaintiff showed that she was not defendant's vendor, and that his vendor had his purchase money debt satisfied by plaintiff paying said vendor a valuable consideration on the purchase money note, without holding the vendor liable in the event the note was not paid by the maker (defendant); and in giving judgment for plaintiff, contrary to law and evidence, in that it appeared from the testimony for the plaintiff that she did not sell the mule to defendant, and therefore she could not sustain her attachment for purchase money. In the superior court the *certiorari* was dismissed on plaintiff's motion, because there should have been an appeal, the amount involved being over $50, and there being a disputed question of fact. Defendant assigned this judgment as error, because, (1) "there was no question of disputed facts involved in the *certiorari*"; and (2) "there was an unmixed proposition of law, the adjudication of which would have completely and finally overruled the justice's judgment and disposed of the case."

DEAN & SMITH and A. G. EWING, for plaintiff in error.
J. B. F. LUMPKIN, *contra.*