BRICE *v.* CHAPMAN.

1. This being a case in a justice's court, in which the amount claimed was under fifty dollars, and there being questions of fact involved, the remedy in the first instance for errors committed by the magistrate at the trial was not by *certiorari*, but by appeal to a jury in the justice's court.

2. No brief filed in this court by an attorney who, at the time the case to which such brief relates is called in its order for a hearing, is not a licensed practitioner at this bar, will be considered; and hereafter, where no appearance is made for the plaintiff in error other than by the filing of such brief, the case will be dismissed for want of prosecution.

May 13, 1895. Brought forward from the last term. Code, §4271(a–c).

*Certiorari.* Before Judge HANSELL. Brooks superior court. May term, 1894.

M. BAUM, by brief, for plaintiff in error.

J. W. EDMONDSON, by brief, *contra.*

SIMMONS, Chief Justice.

1. This court has frequently held that where the amount sued for in a justice's court is less than fifty dollars, *certiorari* will not lie to the judgment of the magistrate if a question of fact is involved, unless there has been an appeal to a jury in that court. In the present case the action was upon an account for an alleged indebtedness of $30.50; one of the grounds of the *certiorari* was that the magistrate erred in rendering judgment in favor of the plaintiff, and this assignment of error involved questions of fact. The judge of the superior court therefore did not err in dismissing the *certiorari*. *Johnson* v. *Cummings*, 88 *Ga.* 12; *Brooks* v. *Baker*, 85 *Ga.* 515, and cases cited.

2. The bill of exceptions and the brief submitted to

us for the plaintiff in error purport to have been signed by the attorney who represented the plaintiff in error in the court below, but the name of this attorney does not appear upon the roll of attorneys admitted to practice in this court. To authorize an attorney to practice in this court, he must be admitted as prescribed by the code and the rule of the court. (See Code, §403; 1st Rule of Supreme Court.) A practice has grown up of late years, for attorneys to have bills of exceptions transmitted to this court and to send briefs to the clerk to be read as arguments here, without having complied with the requirements as to admission; and in the recent revision of the rules of the Supreme Court, the last clause of the first rule was added for the purpose of checking this practice. The rule referred to, after providing how attorneys may be admitted, and after declaring that as matter of comity or professional courtesy a visiting attorney from another State or territory may, by leave of the court, be heard as associate or even as leading counsel in a single case without being admitted as a regular practitioner, concludes as follows: "No such indulgence, however, will be extended to any attorney who is a resident of this State." As the revised rules did not go into effect until the 4th of March, 1895, and as the brief in question was filed before that time, we do not enforce this rule in the present case; but we desire to put the bar on notice that hereafter it will be enforced strictly. An attorney practicing in the court below, though not an attorney of this court, may sign and present to the trial judge a bill of exceptions and have it transmitted here; but in order to appear in this court as counsel in the case, either in person or by brief, he must, on or before the call of the case, be admitted to practice in this court.                    *Judgment affirmed.*