## HUMPHRIES *et al. v.* BLALOCK.

From a judgment in a justice's court dismissing an action as to two of three joint defendants an appeal does not lie. For the correction of an error committed in rendering such judgment, certiorari is the remedy.

Argued January 21,—Decided March 5, 1897.

Certiorari. Before Judge Candler. Clayton superior court. March term, 1896.

*John D. Humphries* and *H. M. Patty*, for plaintiffs in error. *W. M. Wright* and *J. B. Hutcheson*, contra.

LITTLE, Justice.

It will be seen from an inspection of the record in this case, that the only question to be considered is, whether or not an appeal entered by a plaintiff to a jury in a justice's court from a judgment of dismissal of the case by the justice as against two of three defendants can be maintained as against the two defendants as to whom the case was dismissed. The two defendants making this question demurred in the justice's court, when the case came on to be heard before the magistrate, on the ground that the note sued on was, as against them, barred by the statute of limitations. The magistrate took this view of the case, sustained the demurrer and dismissed the case as to these two defendants. Plaintiff then entered an appeal to a jury in the magistrate's court. When this appeal came on to be tried, these two defendants moved to dismiss the appeal, because the case, as to them, never having been tried by the justice, had improperly gone to the appeal; that after said cause was dismissed, there was no case in court as against them, and consequently no judgment of the justice from which an appeal to a jury would lie. The motion to dismiss the appeal was overruled by the magistrate; and the jury having rendered a verdict for the plaintiff, the case was brought to the superior court by certiorari, and by the latter court the certiorari was overruled and the verdict of the jury in the justice's court affirmed.

Appeals are allowed in justice's courts from judgments of the justices, and from such judgments appeals may be taken to a jury in such courts. Civil Code, §4140. There can be an appeal in no other way, unless by consent as provided by the statute. These judgments from which an appeal

may be taken are such as in the rendition of which, issues
of fact are involved. *W. & A. R. Co.* v. *Dyar*, 70 *Ga.*
723; *Shirley* v. *Rounsaville*, 78 *Ga.* 708; *Samuels* v. *Bris-
coe*, 94 *Ga.* 425. Otherwise, there is no issue for the jury
to try. In *Small* v. *Sparks*, 69 *Ga.* 745, this court held
that the right of appeal presupposes an issue to be tried
by the jury; that if the case involved questions of fact, ap-
peal was the proper remedy, but that if it rested solely on
questions of law, certiorari was the remedy; and it was held
in that case that where the judge of the county court dis-
missed the case on demurrer, there was no question of fact
involved and certiorari was the proper remedy, and conse-
quently an appeal which was taken to the superior court on
that state of facts was properly dismissed. In the case of
*Rogers* v. *Bennett*, 78 *Ga.* 707, where a case was dismissed
by the magistrate, it was held that certiorari, and not appeal,
was the proper method of reviewing the judgment of the jus-
tice in dismissing the case; and this ruling was placed on
the ground, that after such dismissal there was no case in
court from which the appeal could be taken. In the case of
*Maddox* v. *Witte*, 100 *Ga.* 316, where the justice dis-
missed a claim which had been interposed, for irregularity
as to the time of filing the same, this court held that appeal
was not the remedy for the claimant, but that certiorari to
the superior court to review the judgment of the justice
in dismissing such claim was the proper remedy.

The cases cited govern the question made here; and inas--
much as the plaintiffs in error by a motion at the proper
time appeared in the justice's court and moved to dismiss
the appeal which had been entered in the case, the court
below should have sustained the certiorari afterwards sued
out; and the judgment is therefore

*Reversed.    All the Justices concurring.*