## TOOLE v. EDMONDSON & SEAY BROTHERS.

This being a case tried in a justice's court, and there being no contested issue of fact, the determination of the case depending entirely upon the question whether or not, conceding as true all of the evidence introduced by the claimant, his wages were exempt from the process of garnishment, a judgment rendered by the justice in the case was reviewable by certiorari, and it was error to dismiss a certiorari sued out by the losing party.

Argued May 16, — Decided July 19, 1898.

Certiorari. Before Judge Lumpkin. Fulton superior court. September term, 1897.

*Maddox & Terrell*, for plaintiff in error.

*E. T. Moon* and *O. M. & E. C. Horton*, contra.

COBB, J. A claim to a fund sought to be reached by the process of garnishment was tried in a justice's court, it being set up that the sum of $34.60 held up by the garnishment was exempt because earned by the defendant as a laborer in the capacity of a conductor for the garnishee, a street-railway company. On the trial the sole witness introduced was the conductor, who testified as follows: "I am the claimant. I work for the Atlanta Consolidated Street Railway Company. I am

a conductor. A conductor, before he becomes such, goes through a course of training in the shops of the company, in order to understand the working of the machinery and motive power of the cars, so as that he may be able to assist in repairing cars in case of an accident. This I did. Among my duties required by the rules of the company are the following: to assist passengers on and off the cars; put on and off brakes on the rear of the car; to change the trolley at the end of each run; turn the seats on open cars, and hold the trolley around curves. To do these last-named things requires a man of some weight and strength, and it is really very hard work. I collect the fares, and give the signal to start and to stop. However, it is as much the duty of the motorman to see that the schedule is made as it is mine; and if we fail to make the schedule, we would both be suspended. The character of the work which I do is very laborious, so much so that the insides of my hands are rougher and harder than they were when I worked on a farm years ago. The work which I do is very tiresome. I work about twelve to fifteen hours per day. If the car should run off the track, it is my duty to assist in putting it back, as any laborer would. It is my duty to repair or assist in repairing the car when an accident happens, if the injury is of such a character that I can do so. I am paid monthly at the rate of 12 cents per hour for my work." Upon this state of facts the magistrate rendered a judgment dismissing the claim and finding the fund subject; and the claimant took the case to the superior court by certiorari, assigning error upon this judgment. The judge of that court dismissed the petition for certiorari, on the ground that the case involved questions of fact, and should have been appealed to a jury in the justice's court. The plaintiff in certiorari excepted. The question whether or not the claimant is a laborer within the meaning of section 4732 of the Civil Code is not before us, the sole question which we are called upon to decide being whether, under the facts of this case, certiorari would lie to review the judgment of the magistrate holding the fund subject to the process of garnishment.

It is thoroughly well settled, that where only a question of law is involved in the judgment of the magistrate, certiorari is

a proper mode of having his decision reviewed by the superior court; and where there is a dispute as to the facts, the remedy is by appeal to a jury in the justice's court, or direct to the superior court, as the case may be. Some slight confusion has arisen in the application of this doctrine, and some of the decisions of this court are not entirely in harmony. As will have been observed, the exact question to be determined in the present case is, whether, where all the facts are conceded, either in an agreed statement, or by a failure of one party to contest the truth of the evidence of the other, and the justice is left to determine the law of the case on the facts thus conceded, certiorari or appeal is the remedy of the losing party. We can readily conceive of cases tried on an agreed statement of facts, or on the testimony of a single witness, where disputed questions of fact might be involved. In all cases where issues of fact are raised, whether by contradictory testimony of different witnesses, or by inconsistent testimony of a single witness, and the amount involved is less than fifty dollars, the losing party must appeal to a jury in the justice's court, if he desires to test the correctness of the judgment of the magistrate. If, however, the amount involved be more than fifty dollars, then the right of appeal to the superior court exists in all cases without regard to whether questions of law or of fact or both are to be determined. As stated above, the decisions of this court are conflicting as to the application of the general rule as to when certiorari and when appeal is proper. It is our purpose to consider all of those decisions and endeavor to formulate some rules that will be applicable to all cases. Such of those cases as are not inconsistent with the ruling in this case will be but briefly referred to; while those that seem to be in conflict will be treated more at length.

In *Witkowski* v. *Skalowski*, 46 *Ga.* 41, the general rule is stated. In *Wright* v. *Rutledge*, 51 *Ga.* 194, it was held that where the amount claimed in the justice's court did not exceed fifty dollars, certiorari rather than appeal was the proper remedy. In *Wynn* v. *Knight*, 53 *Ga.* 568, there were issues of fact, and appeal was held to be the remedy. So also in *McDonald* v. *Dickens*, 58 *Ga.* 77. In the case of *Dexter* v. *Hall*, 62 *Ga.*

312, the ruling was, that in a case where the suit was for an amount exceeding fifty dollars, but only questions of law were involved, certiorari could be resorted to. In *Small* v. *Sparks*, 69 *Ga.* 745, exception to the judgment of the county court, sustaining a demurrer, was held to be properly taken by certiorari. This was, of course, purely a question of law. In *Boroughs* v. *White*, Id. 841, the case was tried in the justice's court on an agreed statement of facts. From the decision of the magistrate certiorari was sued out to the superior court, where it was dismissed on the ground that appeal was the proper remedy. While it does not appear in the statement of the case, Chief Justice Jackson says in his opinion that the parties did not rest on the statement of facts, but introduced evidence "aliunde that agreement." The opinion of the Chief Justice rather seems to indicate that, but for this fact, certiorari would have been proper. In *Western & Atlantic Railroad* v. *Dyar*, 70 *Ga.* 723, a ruling was invoked, on a petition for certiorari, upon the sufficiency of the evidence introduced in the primary court; and the court held that this could only be done by an appeal to a jury in the justice's court, where the amount in litigation was less than fifty dollars. We see no conflict between the case of *Cruse* v. *Southern Ex. Co.*, 72 *Ga.* 184, and the cases previously referred to. In that case the answer of the garnishee was not traversed, and the facts on which the case was tried were conceded. The issue raised was purely one of law, and so the court held that certiorari was proper. The case of *Miller* v. *Dugas*, 77 *Ga.* 386, involved the question whether or not the wages of a conductor on passenger and freight trains were exempt from process of garnishment. But one witness (the conductor) testified. The justice held the fund subject. The case was taken to the superior court by certiorari, and there a motion was made to dismiss the petition, because the case was not one for certiorari but for appeal. This motion was refused. This court reversed the judgment of the court below in sustaining the certiorari, on the ground that the justice properly held the fund subject to the payment of the debt; but no ruling was made on the motion in the superior court to dismiss the certiorari. In *Shirley* v. *Rounsaville*, 78 *Ga.* 708, there was a contest as to the

facts, and appeal was properly held to be the remedy. In the case of *W. & A. Railroad Co.* v. *Pitts,* 79 *Ga.* 532, it was held that certiorari was the remedy, because no question as to the facts was made, it being urged simply that the verdict was contrary to law for several named reasons. The questions involved were all purely legal questions. True, in the opinion of the court this language is used: "Had it been desired to re-examine the facts in the light of the evidence, this should have been done, not by certiorari, but by appeal"; but this can only mean that where there are disputed questions of fact, they could only be re-examined by appeal. Where the facts are not contested, no necessity will arise for a review of the evidence. But even if the language quoted is susceptible of a construction which means that appeal must be had in all cases where facts are involved whether they be contested or not, it is obiter, as no such question was made in that case. In *Bostick* v. *Palmer,* 79 *Ga.* 680, the court expressly adjudicated that the question involved was one of law, and hence that certiorari alone would lie in that case. The case of *Wynne* v. *Darden,* 80 *Ga.* 730, states the general rule, and is not in conflict with anything ruled in the present case. In the case of *Thompson* v. *Dodd,* 84 *Ga.* 264, issues of fact were raised on the trial, and it was ruled by this court that "appeal to a jury in [the justice's] court, and not certiorari, was the remedy, the facts being *contested.*"

In the case of *Brooks* v. *Baker,* 85 *Ga.* 515, it was held that questions both of law and fact were involved, and hence that there should have been an appeal. In *Central Railroad Co.* v. *White,* 86 *Ga.* 202, the parties were directly at issue as to the facts, and appeal to a jury in the justice's court was held to be the remedy, the amount involved being under fifty dollars. The case of *Greenwood* v. *Boyd & Baxter Furniture Factory,* Id. 582, was a claim case. The plaintiff admitted that the facts as testified to by claimant's witness were true. Certiorari was sued out to the superior court from the judgment of the magistrate, where a motion was made to dismiss the petition on the ground that the case was one for appeal. This motion was refused, the court holding that there were no disputed questions of fact, and that certiorari was the proper method of testing the

correctness of the magistrate's judgment. This judgment was affirmed by this court. The true distinction between certioraries and appeals is laid down in the opinion of the court in this case as follows: "Is there any disputed question of fact to be settled by a jury? If so, then there should be an appeal. Otherwise certiorari is the proper remedy." In the case of *Johnson* v. *Cumming*, 88 *Ga.* 12, it was ruled that there was a question of fact involved, and that therefore appeal was the remedy. In the case of *Railroad Co.* v. *Spullock*, Id. 283, a nonsuit was granted. The court held that a purely legal question was involved, and that the remedy by certiorari was available.

The case of *Brown* v. *Robinson*, 91 *Ga.* 275, is not in conflict with the ruling made in the present case. In that case the amount involved was more than fifty dollars, and the court ruled simply that the losing party in the county court was entitled to appeal to the superior court. The question whether or not certiorari would lie was not made, and any expressions in the opinion of the court which indicate that the writ of certiorari would not be available are merely obiter. We may add, however, that were the question before us, we would hold that the case was one for certiorari, if the losing party elected to use that remedy. There was, in our opinion, no disputed question of fact in that case, and consequently the superior court could have reviewed the case by certiorari. In *Samuels* v. *Briscoe*, 94 *Ga.* 425, appeal was held to be the remedy, because the "parties [were] at issue in a justice's court on matters of fact." In the case of *Brice* v. *Chapman*, 95 *Ga.* 799, there were disputed questions of fact, and appeal was properly held to be the remedy. Another case in perfect accord with the decision made in the present case is *Royal* v. *McPhail*, 97 *Ga.* 458. In that case suit was brought in a county court upon an open account. Upon the trial of the case the plaintiff proved such facts as would satisfactorily establish the indebtedness of the defendant to him. There was no contested issue of fact, but the case rested solely upon the legal sufficiency of the evidence offered by the plaintiff. This court held that the judgment in favor of the plaintiff was reviewable by certiorari. This decision is utterly at variance with the dictum in *Brown* v. *Robinson*, su-

pra. In *Benton* v. *Hynes*, 100 *Ga.* 95, there were *disputed* questions of fact, and therefore appeal was proper. In *Maddox* v. *Witte*, Id. 316, no question of fact was involved, and the remedy was by certiorari. In *Humphries* v. *Blalock*, Id. 404, it was held that when the effect of the ruling by the magistrate was to dismiss the plaintiff's case, certiorari was the exclusive remedy, and that appeal would not lie. This ruling was placed upon the ground that after such dismissal there was no case in court to appeal. In *Helmly* v. *Davis*, Id. 493, it was held that where suit was brought in the county court for a sum exceeding fifty dollars, which resulted upon the trial in a judgment for the plaintiff, the defendant might enter an appeal to the superior court, although the defenses interposed by the defendant in the county court were stricken upon demurrer. The distinction between the two cases last cited is, that in the first the effect of the ruling was to take the case entirely out of court, while in the last the case was still pending in court after the defendant's pleas were stricken on demurrer.

But how stands the present case? The point to be decided by the magistrate was whether or not the plaintiff in error was a laborer. In the case of *Oliver* v. *Macon Hardware Company*, 98 *Ga.* 249, this court has declared what is meant by the term "laborer" as used in section 4732 of the Civil Code. The following language is used in the first headnote: "If the contract of employment contemplated that the clerk's services were to consist mainly of work requiring mental skill, or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon a mere physical power to perform ordinary manual labor, he would not be a 'laborer.' If, on the other hand, the work which the contract required the clerk to do was, in the main, to be the performance of such labor as that last above indicated, he would be a 'laborer.'" The question, therefore, whether or not a man is a laborer within the meaning of the section exempting from garnishment the wages of laborers, is a question of law and not of fact. The only question of fact involved in the present case was: What does the conductor do? What is the character of his employment? On this point there was

absolutely no contest. Had there been evidence tending to show that the conductor did not do the things which he testified that he did, then there would have been an issue of fact; but as it was, the justice was left to make his decision from an established state of facts, as to whether or not the witness was a laborer. Upon this state of facts the magistrate found that the witness's work did not consist mainly of manual labor, and that hence he was not a "laborer," and the fund was subject. To correct the error thus alleged to have been committed, certiorari was available as a remedy.

We have formulated certain rules, which we believe may be of some benefit to any one who has to deal with this question.

### RULES TO DETERMINE WHETHER CERTIORARI OR APPEAL IS THE PROPER REMEDY.

*When the case is pending in the justice's court.* (1) If the amount in controversy is fifty dollars or less, and only questions of law are involved, there may be either an appeal to a jury in the justice's court, or a certiorari to the superior court. (2) If the amount in controversy is fifty dollars or less, and there is a dispute about the facts, there must be an appeal to a jury in the justice's court, before the case can be carried by certiorari to the superior court. (3) If the amount in controversy exceeds fifty dollars, and only a question of law is involved, and the effect of the ruling complained of is such as not to dismiss the case, the losing party may select one of three remedies: an appeal to a jury in the justice's court, an appeal to the superior court, or certiorari. (4) If only a question of law is involved, the losing party may take the case to the superior court by certiorari, without regard to the amount involved. (5) If at the trial questions both of law and fact are raised, but the petition for certiorari only complains of the rulings which involve the questions of law, thus waiving the right to complain of the rulings upon disputed facts, certiorari is available as a remedy. (6) When the effect of the ruling is to dismiss the case or entire proceeding, the exclusive remedy is certiorari, without regard to the amount involved. (7) There may be an appeal to a jury in the justice's court in all cases, without regard to the amount in controversy, or the questions

involved, whether they be of law or fact or both, except in cases where the effect of the magistrate's ruling is to dismiss the case. (8) If the amount involved exceeds fifty dollars, an appeal to the superior court may be had in all cases, whether the questions be of law or fact, except in cases where the effect of the magistrate's ruling is to dismiss the case, thus leaving no case to appeal. (9) After a verdict has been rendered on appeal in the justice's court, certiorari is available in all cases without reference to the character of the questions involved.

*When the case is pending in the county court.* (1) If the amount involved exceeds fifty dollars, there may be an appeal to the superior court in all cases, without regard to the character of the questions involved, except in cases where the case has been dismissed by the county judge, thus leaving no case to appeal. (2) If the amount in controversy exceeds fifty dollars, and questions of law only are involved, the losing party may either appeal or certiorari, except when the effect of the ruling is to dismiss the case, when the exclusive remedy is certiorari. (3) If the amount involved exceeds fifty dollars, and there is a dispute about the facts, appeal is the exclusive remedy. (4) If the amount involved does not exceed fifty dollars, certiorari is the exclusive remedy. (5) Rules 4, 5 and 6 for justices' courts are also applicable to county courts.

*To determine whether the case involves a question of law or one of fact, the following suggestions are offered.* (1) If upon considering the entire evidence, whether it be derived from an agreed statement of facts, oral testimony, documents, or other source, it would be proper, if the case were on trial in the superior court, for the judge to direct a verdict, a question of law only would be involved. (2) If upon a similar review of the entire evidence there should appear conflicts of evidence, between witness and witness, between statements of the same witness, between witness and written statements, between different clauses in a written statement, between witness and documents, between document and document, or in any other way, questions of fact would be involved. In other words, if the case presented is such that it would be improper to direct a verdict, questions of fact are certainly involved. (3) When the

effect of the ruling is to dismiss the case or pending proceeding, a question of law is involved.     Rulings of this character are such as those which sustain a demurrer, dismiss a levy or claim in a claim case, sustain a motion for nonsuit, and the like.

In the present case, under the undisputed evidence, the wages of the defendant were either exempt or they were not. The question thus arising was one of law. . If the case had been on trial in the superior court, it would have been proper for the judge to have directed a verdict in accordance with the law. ,The judgment is reversed, and the case sent back to allow the judge to decide the case made by the certiorari on its merits.

*Judgment reversed.     All the Justices concurring.*