## VAUGHN & COMPANY *v.* GLOER.

Where the amount claimed in a suit in a justice's court is more than $50.00, the party disappointed by the judgment rendered therein has the right to enter an appeal to the the superior court, whether any disputed issue of fact was involved in the trial or not.

Argued June 7, — Decided July 21, 1899.

Appeal. Before Judge Reese. - Elbert superior court. September term, 1898.

*Z. B. Rogers* and *J. N. Worley*, for plaintiffs.
*T. L. Adams* and *John P. Shannon*, contra.

Fish, J.     Vaughn & Co. brought a rule, in a justice's court, against Cleveland, a constable, for not making the amount due on a mortgage fi. fa. for $60.00 principal, and $2.80 interest, which they had placed in his hands for levy upon and sale of the property designated in the execution.   The constable answered that he had in his hands $52.82, the proceeds of the property mentioned in the mortgage fi. fa.; that there were two executions in his hands claiming this fund, which executions he exhibited to the court, and asked the court to pass an order directing to which fi. fa. the money should be paid. The two fi. fas. which he brought into court and exhibited with his answer were the mortgage fi. fa. of Vaughn & Co., and an execution in favor of Gloer for $21.40 principal, and $3.20 interest.   The judgment rendered by the justice was, that of the money in the hands of the constable $17.20 should be paid on the Gloer execution, and the remainder to the mortgage fi. fa. of Vaughn & Co.   Vaughn & Co. entered an appeal to the superior court.   When the case came on for trial in the superior court, counsel for Gloer moved to dismiss the appeal, upon the ground that certiorari and not appeal was the way in which the case should have been brought up from the lower court.   The court sustained this motion and dismissed the appeal, and the appellants excepted.   The error assigned in the bill of exceptions is, that the court erred in holding that the case could not be brought from the justice's court to the superior court by appeal.   Counsel for the defendant in error contend here that there were no disputed issues of fact involved in the trial of the case in the justice's court, and, therefore, certiorari was the exclusive means for taking the case to the superior court.

The plaintiffs in the rule against the constable claimed the sum of $60.00 principal, besides interest, upon the mortgage fi. fa. which they had placed in the constable's hands for the purpose of having the property described in the execution levied upon and sold and the proceeds applied to the payment of the fi. fa.   They ruled the constable for this amount.   The answer of the constable showed that he had in his hands the sum of $52.82, the proceeds of the sale of the property designated in

the mortgage execution; and the plaintiffs claimed that the whole of this sum should be applied to their fi. fa.   From this we think it clearly appears that the amount claimed in the suit, that is the rule against the constable, was more than $50.00.   This being the case, the plaintiffs in the rule had the right to appeal the case to the superior court, whether there was any disputed issue of fact involved in the trial or not. The fact that the losing party in a case tried, on its merits, in a justice's court, where the amount claimed is over $50.00 and no issue of fact is involved, has the right to have the case re- viewed in the superior court by certiorari does not deprive him of the right, given to him by the statute, of entering an ap- peal to the superior court.   *Brown* v. *Robinson*, 91 *Ga.* 275; *Dowdle* v. *Stein*, 99 *Ga.* 661.   In *Toole* v. *Edmondson*, 104 *Ga.* 776, Mr. Justice Cobb collates the prior decisions rendered by this court in cases where the question arose whether certiorari or appeal was the means which a party seeking to review, in the superior court, a case tried in a justice's or a county court should have pursued.   After a careful consideration and an able and discriminating discussion of these various decisions, he formulates a set of rules for the benefit of any one who may have to deal with this question.   While the precise ques- tion which we have had under consideration in the present case was not directly involved in that case, we think the learned justice clearly demonstrates the soundness of the proposition, that where the amount claimed in a suit in a justice's court, or a county court, is more than $50.00, and no contested issue of fact is involved, the party disappointed in the result of the trial may take the case to the superior court either by appeal or certiorari.   *Judgment reversed.   All the Justices concurring.*