## HUNTER *v.* MORGAN & BROTHER.

Under the ruling made by this court in the case of *Oliver* v. *Macon Hardware Company*, 98 *Ga.* 249, followed in *McPherson* v. *Stroup*, 100 *Ga.* 228, the defendant in the present case was not a "laborer," and his wages were therefore subject to the process of garnishment.

Submitted May 24, — Decided July 25, 1899.

Garnishment.  Before Judge Reid.  City court of Atlanta. November term, 1898.

*Culberson & Willingham*, for plaintiff in error.
*Daley & Hall*, contra.

COBB, J.  Morgan & Brother obtained a judgment against Hunter, and caused summons of garnishment issued thereon to be served upon the Southern Railway Company.  The defendant claimed that he was a laborer in the employ of the Southern Railway Company, that the amount due him by the railway company was for monthly wages, and that the same were not subject to the process of garnishment.  Upon the trial of this issue the defendant testified as follows:  "At the time of the service of garnishment I was connected with the cashier's office of the Southern Railway Company.  I waited on the public, wrote up all the bills that was reported and the bills to the collectors and the transfer companies, and kept a record of all the solid cars.  I was under the control and direction of another employee, J. A. Deels.  I did bookkeeping.  My duties were to charge all the bills that came into Atlanta for Atlanta proper, to write up all the bills that were disposed of and the bills collected and for the transfer companies.  [Kept] a record for all the solid cars of Atlanta proper, and kept a record and charged up the bills and slips against those cars when they were approved.  Those were my duties.  I kept records in a permanent form — bookkeeping.  My salary was $65 per month.  I have been working for the Southern Railway a little over twelve years.  I was trackage clerk before I became assistant cashier.  Have been assistant cashier little over two years; nearly three years.  My principal business is to wait on the public.  I take in money on bills turned in.  I pay out money

on some bill presented. . . I handled a right smart money of the Southern Railway. I take the place of the cashier when he is busy or not there. I receive money. No one but myself represents the cashier in his absence. . . My principal business is to keep up with the freight coming into Atlanta, that is, take a record of all the slips of cars received. . . A man at work as a hand in moving cars and coupling cars could fill my position all right, if he had any office experience. A man needs some education, of couse, but aside from that only experience in railroad work; office experience. . . The physical labor I perform is, I record all bills that come in solid cars and write up all the expense bills that are disposed of, with pen and pencil, and it requires a right smart of muscular force and exertion sometimes. I do a great deal of jumping around and handling books. The greatest physical labor that I do is in handling the books."

The court directed the jury to return a verdict finding that the fund sought to be garnished was subject to the process of garnishment; and to this ruling the defendant excepted.

In the case of *Oliver* v. *Macon Hardware Company*, 98 *Ga.* 249, the court had under consideration the meaning of the the word "laborer" as contained in section 1974 of the Code of 1882 (Civil Code, § 2792), and the conclusion then reached was stated in the following language: "If the contract of employment contemplated that the clerk's services were to consist mainly of work requiring mental skill, or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon a mere physical power to perform ordinary manual labor, he would not be a 'laborer.' If, on the other hand, the work which the contract required the clerk to do was, in the main, to be the performance of such labor as that last above indicated, he would be a 'laborer.' In any given case, the question whether or not a clerk is entitled, as a laborer, to enforce a summary lien against the property of his employer, must be determined with reference to its own particular facts and circumstances." In *McPherson* v. *Stroup*, 100 *Ga.* 228, the rule laid down in the *Oliver* case for determining when a person.

was a laborer was held to be the correct rule to be applied to the word "laborer" as used in section 4732 of the Civil Code, which declares that: "All journeymen mechanics, and day-laborers, shall be exempt from the process and liabilities of garnishment on their daily, weekly, or monthly wages, whether in the hands of their employers or others." Following the last-mentioned decision, it is only necessary to apply the rule therein set forth to the facts of the present case; and when this is done, it is clear that the defendant was not a "laborer," it being manifest from his own testimony that the services rendered by him consisted mainly of work requiring mental skill and business capacity rather than the doing of that which would depend mainly upon mere physical power to perform ordinary manual labor. In the following cases, in addition to those cited in the *Oliver* case, supra, the question as to who is a "laborer" was before this court: *Caraker* v. *Matthews*, 25 *Ga.* 571; *Hightower* v. *Slaton*, 54 *Ga.* 108; *Adams* v. *Goodrich*, 55 *Ga.* 233; *Prothro* v. *Grubbs*, 71 *Ga.* 863; *Kyle* v. *Montgomery*, 73 *Ga.* 337; *Bates* v. *Bates*, 74 *Ga.* 105; *Sanner* v. *Shivers*, 76 *Ga.* 335; *Miller* v. *Dugas*, 77 *Ga.* 386; *Cole* v. *McNeill*, 99 *Ga.* 250; *Hall* v. *Armour Packing Co.*, 102 *Ga.* 586. We will not now attempt to review or reconcile these decisions. If some of them conflict with what we now rule, it is sufficient to say that in recent years the decisions of this court have been in line with those upon which the present ruling is based; and it has been uniformly held that if any of the prior decisions are not in exact accord with those, such prior decisions will not be extended beyond their peculiar facts.

　　　　*Judgment affirmed.　　All the Justices concurring.*