## 1165.   BROWN & BIGELOW *v.* PARIAN PAINT COMPANY.

After a verdict has been rendered by a jury in a justice's court, certiorari is available to the party dissatisfied, in all cases, irrespective of the character of the questions involved or the amount in controversy.

Certiorari, from Fulton superior court—Judge Ellis.   March 21, 1908.

Argued July 3,—Decided July 31, 1908.

*Walter R. Brown,* for plaintiff.   *Leonard Haas,* for defendant.

POWELL, J.   A case involving issues of fact, with the amount in controversy exceeding $50, was instituted in a justice's court. The verdict was in favor of the plaintiff, and the defendant took the case, by certiorari, to the superior court.   In that court the original plaintiff moved the court to dismiss the certiorari, on the ground that certiorari does not lie to the verdict of the jury in a justice's court, in a case involving an issue of fact, where the amount involved exceeds $50.   The court overruled the motion, and also ordered a new trial.   To both of these rulings exceptions are taken.

This case falls within section 9 of the "rules to determine whether certiorari or appeal is the proper remedy," formulated and announced by the Supreme Court in *Toole* v. *Edmondson,* 104 *Ga.* 784 (31 S. E. 25).   To quote, "After a verdict has been rendered on appeal in the justice's court, certiorari is available in all cases without reference to the character of the questions involved."   This is but a paraphrasing of section 4149 of the Civil Code, which provides that "when either party is dissatisfied with

the verdict of a jury *in any appeal case* tried in the justice courts, such party may apply for and obtain a writ of certiorari," etc. The cases cited by the plaintiff in error—*Ansley* v. *Farley,* 126 *Ga.* 425 (55 S. E. 180), *Cook* v. *Exom,* 125 *Ga.* 450 (54 S. E. 147), and *Benton* v. *Hynes,* 100 *Ga.* 95 (26 S. E. 469)—refer exclusively to the rights of the losing party as to the trial before the magistrate or county judge, and not to his right in the event of an adverse verdict in the justice's court.

To admit that the case involved a dispute of fact is to admit the right of the judge of the superior court to grant one new trial upon certiorari. *Bailey* v. *Hooks,* 1 *Ga. App.* 276 (57 S. E. 924); *Fair* v. *Insurance Co.,* 2 *Ga. App.* 376 (58 S. E. 492); *Walker* v. *Hughes,* 120 *Ga.* 1079 (48 S. E. 387).      *Judgment affirmed.*