21531.   BRADLEY *v.* WALLER.

*W. T. Davidson,* for plaintiff in error.   *R. C. Jenkins,* contra.

LUKE, J.   The superior court of Putnam county entered a judgment overruling a motion made by R. E. Waller to dismiss an appeal taken by T. F. Bradley from a judgment of the county court of Putnam, in a pending attachment proceeding.   Exception was taken to that judgment.

Defendant in error presents a motion to dismiss the bill of exceptions, upon the following grounds:   " (1) that the judgment complained of was not a legal termination of the case; (2) that the judgment complained of was not a final judgment, and the bill of exceptions is premature, for that said case is still pending in Putnam superior court; and (3) because writ of error was not applied for and obtained within thirty days from judgment complained of."

The first two of these grounds, which are substantially the same in effect, are without merit, for the reason that had the superior court sustained the motion to dismiss the appeal, its judgment would have been a final disposition of the case.   Civil Code (1910), § 6138.

In support of the third ground counsel states in his brief that although the judgment of the superior court was entered on March 16, 1931, the certificate of the judge appended to the bill of exceptions is dated April 18, 1931, and that nothing appears in the record to show when the March term of that court adjourned.   The case of *Mayor &c. of Monticello* v. *Lawrence, 62 Ga.* 672, is cited as authority.   An inspection of the record shows that counsel is mistaken both as to the date on which the judgment was rendered and as to the fact that the record fails to show when the March term was adjourned.   The judgment order, incorporated in the record, bears date March 17, 1931.   The certificate of the clerk of the superior court, appended to the record, shows that the March term was adjourned on March 19, 1931.   It therefore appears that the

130

bill of exceptions was certified by the trial judge within the period prescribed by the statute. The motion to dismiss the writ of error is denied.

The single ground of error in the judgment of the superior court, as assigned in the bill of exceptions, is: "Said judge should have sustained said motion and dismissed said appeal, on the ground that an appeal does not lie from the verdict of a jury in the county court to a jury in the superior court. . ." It appears from the record before us that, upon the trial of the case in the county court, no issue in the case was submitted to the jury, but that the trial judge, upon the conclusion of all the evidence, instructed the jury to sign a verdict in favor of the claimant, which was done. The judgment order entered by the superior court states that the motion to dismiss the appeal was based upon the contention "that certiorari was the exclusive remedy, as said case had been tried by a jury in the county court of Putnam county, and that appeal did not lie." Since the amount involved in the controversy between the parties was in excess of fifty dollars, as appears from the record, we are of the opinion that the remedy by appeal is available under the law as to county courts (Park's Code, § 4775(ss)), and that the judge of the superior court did not err in refusing the motion to dismiss the appeal. *Toole* v. *Edmondson,* 104 *Ga.* 776, 784 (31 S. E. 25) ; *Small* v. *Sparks,* 69 *Ga.* 745.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*