### 26945. RAY *v.* ROGERS *et al.*

DECIDED NOVEMBER 22, 1938.

*J. A. Mitchell,* for plaintiff in error.

BROYLES, C. J. The judgment excepted to is the refusal to dismiss the petition for certiorari. The petition contained, among others, the following allegations: Ray sued Mr. and Mrs. Rogers in a justice's court, on an open, unverified account, for an amount less than fifty dollars; on March 15, 1937, the justice issued a summons in said case and same was served on the defendants, the case being returnable to the court on the fourth Friday in that month; on that day the defendants and their counsel were in court, and filed with the justice their sworn denial of the correctness of the account, and the justice stated to them that he had no such case; that plaintiff's counsel had him to issue the summons but took the original and copy away with him, and had not filed same with him or in his court; that said case or said summons was not filed at the March, April, or May term of the court; that plaintiff's counsel filed the summons at the June term, and asked judgment for his client, but the case was continued; defendants were never served with any summons or notice after the summons was filed at the June term; at the September term the justice stated to defendants' counsel that plaintiff's counsel wanted an immediate trial of the case, and defendants' counsel replied that he could not get his clients to court until afternoon and asked for a continuance until then, and the justice told him that he would grant the continuance; however, in a few minutes, at the urgent insistence of plaintiff's counsel, and in the absence of defendants and their counsel, and with no witness testifying and without a verified bill of particulars, and without the bill of particulars having been seen by the defendants or their counsel, the justice rendered judgment against the

defendants; the judgment was error for the following reasons: (a) there never was a case in court till the June term and defendants were never served with summons or notice after same was filed; (b) there was a motion before the court to dismiss the case for lack of verification of the bill of particulars and the motion should have been granted; (c) no legal or intelligible bill of particulars was filed; (d) because the defendants were misled from appearing at court by the statement of the justice that the case would be continued; (e) because the judgment was rendered without any testimony whatever or a single witness being sworn, and without the account and bill of particulars being verified.

The justice, in his answer, verified the allegations of fact of the petition for certiorari, and the answer was traversed by the defendant in the certiorari proceeding. The defendant also moved to dismiss the petition for certiorari on several grounds, the main one being that the principal, interest, and costs of the judgment being for a sum less than fifty dollars, and no appeal having been made to a jury in the justice's court, the certiorari was illegal. The judge of the superior court refused to dismiss the certiorari and stated that since there were issues of fact made by the *traverse* to the justice's answer, those issues would be referred to the jury.

The plaintiff in error relies on the ruling in *Ga. Coast &c. R. Co.* v. *Herrington,* 14 *Ga. App.* 539 (3) (81 S. E. 814), where this court held: "A certiorari may be used to test the *sufficiency* [italics ours] of the evidence to warrant a *verdict,* but where appeal would lie it can not be used to test the sufficiency of the evidence to warrant a *judgment* by the magistrate." However, it is well-settled law that where there is *no issue of fact* in a case tried in a justice's court, a judgment rendered by the justice is reviewable by certiorari, *regardless of the amount involved. Toole* v. *Edmondson,* 104 *Ga.* 776 (31 S. E. 25). Under the Code, § 24-1302, where suit is brought on an open account in a justice's court, the "account may be proved by the written affidavit of the plaintiff, and, when so proved, shall be received in evidence as if proved in open court; nevertheless, if the defendant shall file his affidavit denying the justice and fairness of the whole or any part of such account, the court shall not give judgment in favor of the plaintiff for that part of the account so denied and controverted, unless supported by other proof." In the instant case the petition for certiorari alleged

(and the justice in his answer verified the allegations), that the account was not verified by the plaintiff, and that the defendants had filed their affidavit denying the justice and fairness of the whole account, and yet that the justice, in their absence and without the introduction of any evidence, rendered judgment for the plaintiff. While the sufficiency of the evidence to support a judgment by a magistrate can not be tested by certiorari, the lack of *any* evidence to support such a judgment makes the legality of the judgment a question of law, and that question can be tested by certiorari. Under the facts of the case the court did not err in failing and refusing to dismiss the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*