JOHN D. SMITH, plaintiff in error, vs. P. L. TURNLEY, administrator, defendant in error.

The conditional affirmance of the judgment of the Superior Court by this Court, which requires the defendant in error, who was plaintiff below, to write off a portion of the verdict, the whole amount of which was in controversy, does not entitle the plaintiff in error to enter judgment in the Court below for the costs incurred in the Superior Court when the defendant in error complies with the condition.

Costs in Supreme Court. Before Judge PARROTT. Floyd Superior Court. January Term, 1872.

John D. Smith moved to enter up a judgment against P. L. Turnley, as administrator, for the costs in a case carried to the Supreme Court of Georgia, in which said Smith was plaintiff in error, and said Turnley as administrator, defendant in error. The judgment of the Supreme Court, which was made the judgment of the Superior Court, was as follows:

"JOHN D. SMITH, plaintiff in error, vs. P. L. TURNLEY, administrator, defendant in error.

" This case came before the Court upon a transcript of the record from the Superior Court of Floyd county; and after argument had, it is considered and adjudged by the Court that the judgment of the Court below be affirmed, with direction that the plaintiff write off from the verdict of the jury the amount in excess of the rent due by the parties for their actual occupancy of the premises, with legal interest thereon, or, in default, that a new trial be granted.

" BILL OF COSTS.—Entering case, six dollars. Recording opinion, six dollars. Remitter, two dollars. Sheriff's fee, one dollar and twenty-five cents. $15 25."

The verdict was reduced, according to the directions of the Supreme Court. The Court overruled the motion to enter up a judgment for the costs, and movant excepted, and now assigns said ruling as error.

E. N. BROYLES, for plaintiff in error.

No appearance for defendant.

MONTGOMERY, Judge.

Incident to the judgment are the costs. This has been the law since the statute of Gloucester, (6 Edition, 1,) chapter 1, section 2. By 43 Elizabeth, chapter 6, if, in any personal action, with certain exceptions, the debt or damages to be recovered shall not amount to forty shillings, then the plaintiff can recover no more costs than damages: 2 Tidd's Pr., 945, etc. If defendant pleads and proves tender of the whole sum due, he recovers costs. But if the plaintiff should succeed, on the trial, in proving a larger sum to be due than that tendered, though that sum be below forty shillings, yet the plaintiff will be entitled to costs: 3 Bl., 304, *n.* In the case at bar, no tender was made of any amount, but the whole sum was controverted, and the judgment of this Court invoked to set aside the whole verdict. The plaintiff in error " failed " to accomplish this, and is therefore " liable for the costs :" Code, 3625. There was no "judgment of reversal," but it was " considered and adjudged that the judgment of the Court below be affirmed, with direction," etc.: Code, 4225.

Judgment affirmed.