ROYAL v. McPHAIL.

97  457|
98  511|
97  457|
104  781|
97  457|
f111 526|
97  457|
119  38|
97  457|
127  364|

1. The pleading act of 1893 is not applicable to petitions for *certiorari*, and therefore does not require the allegations of such petitions to be set forth in numbered paragraphs.

2. This being a case tried in the county court, in which there was no contested issue of fact, but which turned in that court upon the question whether or not, conceding as true all the evidence introduced by the plaintiff, he was entitled to recover the amount of the judgment rendered in his favor, that judgment was, according to the decisions of this court in *Greenwood* v. *Boyd & Baxter Furniture Factory*, 86 *Ga.* 582, and in subsequent cases, reviewable by *certiorari* to the superior court.

3. Whether or not it was essential to the enforcement of a lien arising under section 1979 of the code, for the plaintiff to allege and prove that he had "taken no personal security," it was too late, after judgment in his favor, to raise on this ground any question as to the sufficiency of his declaration, or of the proof introduced in support of it, the defect, if any, being one curable by amendment.

4. Under the decision of this court in *Lombard* v. *The Trustees, etc.,* 73 *Ga.* 322, followed in *Castleberry* v. *Johnston*, 92 *Ga.* 499, it was proper practice for one seeking to enforce against the owner of real estate a lien for labor and material, arising under the above cited section of the code, to join in his action the owner of the realty and the person who had contracted with the latter for the erection of the building thereon.

5. Where in a plea to an action for the enforcement of such a lien, one of the defendants admitted that the plaintiff's claim of lien had been duly recorded, and on the trial the plaintiff offered in evidence the alleged lien itself, although it had apparently never been recorded, and in point of fact had not been, this defendant could not, for this reason, object to the introduction of the lien in evidence, nor contest the fact that it had been recorded, so long as the above mentioned admission in his plea remained unaltered and constituted a part of such plea.

6. Construing *in pari materia* the act of October 19th, 1891 (Acts 1890-91, vol. 1, p. 233), and the act of December 18th, 1893 (Acts 1893, p. 34), no owner of real estate who contracts for the erection thereon of any building or other improvement of any kind specified in these acts, or for repairs upon the same, is, in any event, liable in the aggregate to material men, laborers or others furnishing material, labor or other thing for any of the purposes above mentioned, for more than twenty-five per cent. of the contract price which such owner has agreed to pay his contractor for the building, improvement or repairs in question,

and in no event are such material men, laborers or others entitled to enforce against such owner their liens for more than twenty-five per cent. of the original amounts respectively due them by such contractor upon their contracts with him.

October 28, 1895.

*Certiorari.* Before Judge Smith. Pulaski superior court. February term, 1895.

To the statement of facts in the opinion, it may be added that, after overruling the motion to dismiss, the superior court sustained the writ of *certiorari,* and rendered final judgment in favor of the defendant; and the plaintiff excepted.

*J. B. Mitchell* and *Pate & Bright,* for plaintiff.

*J. H. Martin,* for defendant.

ATKINSON, Justice.

The plaintiff sued the defendant in the county court upon an open account for work done for and material furnished to one O'Brien, a contractor who was to furnish material to build a storehouse for the defendant. The plaintiff was a mechanic and material man, and as such furnished certain material to be used in the construction of the house. Upon the trial of the case, the plaintiff proved such facts as would satisfactorily establish the indebtedness of the defendant to him, together with the claim of lien set up by him. There was no contested question of fact, but the determination of the cause rested upon the legal sufficiency of the evidence submitted by the plaintiff to sustain his cause of action. A judgment was rendered in his favor, and to that judgment the defendant excepted, and sued out a writ of *certiorari.* Upon the return of the writ of *certiorari,* a motion was made to dismiss it, first, upon the ground that the petition for *certiorari* had not been drawn in separate paragraphs and consecutively numbered as required by the pleading act of 1893; and secondly, upon the further ground, that there being issues of fact involved in the trial of the case, appeal, and not

*certiorari*, was the remedy. This motion was overruled; and upon the judgment overruling the motion to dismiss, the defendant in *certiorari* especially assigns error.

1. To the first proposition, it is not necessary to do more than to refer to the act. It is obvious from the language in which it is couched that it was not a part of the legislative design to extend its provisions to petitions for *certiorari*. While a petition for *certiorari* has been held to be in a certain sense a suit, it does not belong to that class of suits to which pleas can be filed, and hence the act in question has no application to such a proceeding.

2. In the present case, the defendant in the court below, the plaintiff in *certiorari*, made no issue upon a single question of fact submitted by the plaintiff. The only substantial issue involved was one of law, as to whether upon the facts, the truth of which was conceded, the plaintiff had established a right to recover, and to have a lien in his favor attached to the property of the defendant. This being true, nothing was involved save only a question of law; and that question being referable to the legal sufficiency of the state of facts admitted to be true, the judgment of the county court thereon, by the repeated adjudications of this court, was reviewable by *certiorari*. See *Greenwood v. Boyd & Baxter Furniture Factory*, 86 *Ga.* 582.

3. The plaintiff sought in the court below to foreclose his lien alleged to have arisen under section 1979 of the code. In the proceeding for its foreclosure there was no allegation that "he had taken no personal security" for the payment of his debt. The cause proceeded to trial in the absence of such an allegation, and it does not appear that any evidence was submitted upon that point. No distinct issue was presented by the defendant alleging that the plaintiff had taken personal security for the payment of his debt; but after judgment in the court below, the defendant objected to the judgment and assigned as one of the reasons why it should be set aside, that the plaintiff had not

made the allegation in question and had submitted no proof upon that point.

Had the sufficiency of this declaration been called in question by demurrer, or had a motion for a nonsuit been made at the completion of the plaintiff's case, these questions might have arisen. But we think that after judgment, the defendant cannot be heard for the first time to urge this as an objection to its rendition. If the proceeding to foreclose the lien was defective because of the absence of such an allegation, under the present state of our law, the defect was curable by amendment. If proof of this formal fact were necessary in the absence of a demurrer to the declaration, this evidence could have been submitted in reply to a motion for a nonsuit, and we think that where the defendant waives the objection at a time and place when it could have probably been promptly met, he is too late after judgment to make this question.

4. In the present case, the plaintiff sued both the contractor and the owner of the property for whom the house was in process of erection and upon which he claimed a lien. The declaration was demurred to upon the ground of a misjoinder of parties, and this demurrer was overruled. Under authority of the decision of this court in *Lombard* v. *The Trustees, etc.*, 73 *Ga.* 322, which was followed in *Castleberry* v. *Johnston*, 92 *Ga.* 499, it was not improper pleading for one, seeking to enforce against the owner of real estate a lien for labor and material arising under section 1979 of the code, to join in his action the owner of the realty and the person who had contracted with the latter for the erection of the building thereon; and hence there was no error in overruling this ground of the demurrer.

5. The plaintiff in his declaration alleged that the lien which he sought to set up had been duly recorded, and the defendant in his plea admitted this fact to be true. When the case came on to be tried, the plaintiff offered in evidence the original instrument in writing which was the

evidence of his claim of lien. It appeared that the instrument had never been in fact recorded. The defendant objected to its introduction in evidence, upon the ground that it had not been recorded. The objection was overruled, and a sufficient reply to the assignment of error to this ruling is to be found in the fact that by his plea the defendant had admitted that the lien was duly recorded. He made no motion to correct his plea, or to expunge from it the admission in question. So long as this admission remained standing in his plea, he was estopped to deny its truth, and hence could not insist upon the objection, however well founded it might have been in fact. The court therefore committed no error in overruling this objection.

6. It was the purpose of this court to discuss at some length the act of October 19th, 1891, and the act of December 18th, 1893, the two enactments constituting the basis of the plaintiff's claim of lien, in order to settle as far as possible any doubt which might exist in the public mind as to the meaning of these acts construed together; but after the court had pronounced its judgment, announcing as in the 6th head-note *supra* its conclusion reached in the present case, the General Assembly, on December 16th, 1895, passed another act upon the same subject (see Acts 1895, p. 27), which renders at this time any elaborate discussion of the two prior acts wholly unnecessary.

*Judgment reversed.*