## BURT *v.* LORENTZ & RITTLER.

Where an entire tract of land is levied upon, and a claim is filed which is as broad as the levy, and any portion of the property levied upon is found, upon the trial, not subject, a verdict finding damages against the claimant as for a claim filed for purposes of delay only is contrary to law, and on motion should be set aside. This being the only material error complained of, direction is given that the verdict, in so far as it awards damages against the claimant, be set aside, and that the judgment below be amended accordingly, and then stand affirmed; also, that the defendant in error pay the costs that have accrued in this case since the rendition of the verdict complained of.

Submitted June 30, — Decided July 28, 1897.

Levy and claim. Before Judge Butt. Marion superior court. October term, 1896.

*J. E. Sheppard,* for plaintiff in error.

SIMMONS, C. J.    A fi. fa. against H. Z. Burt, in favor of Lorentz & Rittler, was levied on land to which W. Z. Burt filed a claim. The levy was upon about 500 acres, parts of several different lots lying together, and described and bounded as a whole, and the claim was to the whole tract levied upon. On the trial the claimant introduced deeds to him from the defendant in fi. fa. conveying 111¼ acres of the land levied upon, and agreed that the plaintiff in fi. fa. take a verdict finding the remainder of the tract subject. Counsel for plaintiff in fi. fa. admitted that the 111¼ acres were not subject, and the judge properly directed a verdict finding the remainder of the land (about 390 acres) subject.

The plaintiff in fi. fa. claimed damages against the claimant for having filed the claim for purposes of delay, and the judge submitted to the jury the question of the claimant's good faith in filing a claim to all of the property, and instructed them that if the claim was interposed for purposes of delay only, they should find damages against the claimant though the claim had been sustained as to the 111¼ acres. The jury by their verdict found damages against the claimant as for a claim filed for purposes of delay only. The claimant moved for a new trial, his motion was overruled, and he excepted.

Our code provides (Civil Code, § 4612), and it has been several times held by this court, that the jury is authorized to assess damages against the claimant only where the claim was filed for purposes of delay; and where the claim was not filed solely and merely for purposes of delay, no damages can be recovered against the claimant. In the present case the levy was upon the entire tract of land, and the claim was as broad and no broader than the levy. A considerable portion of the property levied upon was found, upon trial, not subject to the levy. The only theory upon which the verdict awarding damages against the claimant can be upheld is that the claim,

while good as to the 111¼ acres, was as to the 390 acres filed solely for purposes of delay. This theory, if tenable as a matter of law, does not harmonize with the facts of this case; for though the land was composed of several parcels, it was levied upon as one entire tract and the only boundaries given were those of the entire tract. For these reasons, we think the claimant, having recovered a portion of the tract, can not be held to have filed his claim solely for purposes of delay; and a verdict finding damages against him as for a claim filed for purposes of delay only is contrary to law, and on motion should be set aside. While this is true, it is equally clear that the verdict is, except in this particular, correct; and the judgment is therefore affirmed, with direction that the verdict, in so far as it awards damages against the claimant below, be set aside, and that the judgment thereon be amended accordingly, and then stand affirmed; also, that the costs which have accrued in this case since the rendition of the verdict complained of be taxed against the defendant in error.

*Judgment affirmed, with direction. All the Justices concurring.*