### 85.  WILLIAMS *v.* FAIN & STAMPS.

In a justice's court a suit upon an unconditional contract in writing may be tried at the first term, although a plea be filed, if the plaintiff be present and willing to proceed to trial. Even at the first term the defendant can not continue the case as a matter of right.

Certiorari, from Wilkes superior court—Judge Holden. May 10, 1906.

Submitted February 11,—Decided June 19, 1907.

*I. T. Irvin, Jr.,* for plaintiff in error.  *J. M. Pitner,* contra.

POWELL, J.  This decision is conversant merely about the meaning of one word—the word "consenting." The plaintiff sued in a justice's court upon an unconditional contract in writing. The defendant's counsel appeared at the first term and filed what amounted to a plea of the general issue. The plaintiff insisted upon an immediate trial of the case, and the court, over objection of defendant's counsel, allowed him to proceed. He obtained a judgment, and the defendant sought by certiorari to set the same aside, on the ground that under the law the case was not triable,

over his objection, at the first term. The judge of the superior court overruled the certiorari, and error is assigned to that ruling.

Civil Code, §§ 4133-4135, governing the practice in such cases, are as follows:

"§ 4133. All cases before a justice of the peace stand for trial at the time and place designated in the summons, and shall be then and there tried, unless continued according to law.

"§ 4134. Whenever the defendant in the justices' courts on an unconditional contract in writing makes defense, he shall make such defense at the first term.

"§ 4135. When such defense is thus made, the cause shall stand for trial at the next term (subject, however, to continuance as provided by law): Provided, that said cause may be tried at the term when said plea is filed, if the plaintiff or his attorney is present consenting thereto."

The original plaintiff says that he was present and consenting to a trial at the first term, and that the case is within the proviso of section 4135. The defendant says, the word "consenting," ex-vi termini, connotes the concurrence of another volition with that of the plaintiff; that the plaintiff's willingness to try at the first term is not sufficient, but that there must be also, on the defendant's part, a willingness to try, before consent can exist; that one person can not consent until there is another willing person to consent with. It is insisted that the individual action of a single mind may be called "assent," but not "consent." To this proposition the majority of this court can not assent, whether we view it from a philological or from a judicial standpoint. The synonymic discrimination between the words "assent" and "consent" is not based on the distinction between single and joint volition; but, according to the authority of the Standard Dictionary, Webster's International Dictionary, and Crabb's English Synonyms, "assent respects the judgment, consent respects the will." The word "consent," as is true with most of our English words, has many shades of meaning; and it is frequently used to express the notion of "a voluntary accordance with or concurrence in what is done or proposed by another." From an etymological standpoint the prefix "con" does imply joint action; but in the interpretation of statutes we look to the ordinary, not the etymological, signification of words. Loosely, the word "consent" is used interchangeably

with the words "assent," "acquiescence," "concurrence," "agree-ment," "approval," and "permission." However, best usage always distinguishes it from "assent" and kindred words, according to the shade of meaning just pointed out; "consent" connoting individual volition, and "assent" individual judgment. As an act of judgment we may assent to the necessity of a surgical operation, but from lack of fortitude may not have the will power to consent to it. Thus, Shakespeare makes the poor apothecary, whom Romeo tempts with money in order to induce him to furnish the poison for the contemplated suicide, reply, "Poverty, but not my will, consents." This same writer also, in the opening verses of Henry VI., in lamenting the death of the former Henry, uses the word "consent" to express the idea of individual volition, when he calls upon the comets to scourge "the bad revolting stars, that have consented into Henry's death." The power of the colonial legislature to permit or to refuse—its unilateral volition—is implied by the use of this word as it appears in the excerpt from the Declaration of Independence: "He has kept among us, in times of peace, standing armies, without the consent of our legislature." In the Biblical usage of the word the same idea of the action of the individual will, as distinguished from judgment, is preserved. The murderers of Stephen laid down their clothes at the feet of a young man named Saul (Paul) ; and, though he took no part with them, his wish and will in the matter is expressed by the words, "And Saul was consenting unto his death." Acts, viii, 1. Certainly there is no intention to intimate that there was an agreement among the guests who were invited to the marriage feast, and yet it is said of them, "All, with one consent, began to make excuse." Luke, xiv, 18. Note the use of the word "one" to complete the sense in this quotation. The last phrase of Rom. i, 3, which, according to the translation of 1611, reads, "Who knowing the judgment of God, that they which practice such things are worthy of death, not only do the same, but have pleasure in them that do them," is rendered in the revised version of 1881, "but also consent with them that practice them," and thus "have pleasure in" and "consent with" are recognized as interchangeable terms. Compare with this last extract Ps. L. 18, "When thou sawest a thief, then thou consentedst with him." To express the individual action of his spiritual volition Paul says (Rom. vii, 16) : "If, then, I do

that which I would, I consent unto the law that is good." The king of England is always said to assent, not to consent to an act of Parliament; for theoretically he has no personal will or choice, and merely expresses his judgment as to whether the law is for the people's good.

When we come to the law we find this shade of meaning still preserved, though not always so closely as in literature, where linguistic precision receives more care. For example, the expression "age of consent" stands in close legal relation to the phrase "against her will." In that topic of criminal law in which these expressions are most familiar, the volition, not the judgment, of the female, is considered. Her judgment may oppose the act; and yet, if, as in the case of the fair young woman of Byron's poem, who, "swearing she would ne'er consent, consented," her will does not oppose, the crime is not complete. When we desire to express the meeting of the minds of the parties to a contract, it is not customary to use the word "consent" alone; but, to insure greater precision, we say "mutuality of consent," or "mutuality of assent" —the former being the more accurate expression. If it had been intended by the Civil Code, §4135, to make such cases triable at the first term only when both parties are willing, some such expression as "mutual consent," or "consent of the parties," would have been used. Compare sections 5126 and 4848. The manifest legislative intent is to give to the plaintiff the right to exercise his own volition as to whether the trial shall be had at the first term or the second, subject, of course, to the right of the defendant to continue for cause. This gives to the plaintiff no undue advantage. It merely protects him against the legal surprise which may arise from the filing of the plea, and affords him the time, if he needs it, to make preparation to meet the matters set up in defense. The defendant has already had 10 days' notice of the plaintiff's demand, and is, therefore, ordinarily expected to be ready for trial at the first term. If the plaintiff is also ready, there is no need for further delay. The law may justly extend to the plaintiff, if he wishes it, further time to meet a plea just filed, without affording the defendant further delay when he is or should be ready for trial. Of course, if the defendant is not ready, and can make a proper showing for a continuance, the magistrate may grant it.     *Judgment affirmed. Russell, J., dissents.*