### 555. TAYLOR, assignee, v. GILMORE.

"That a verdict for the plaintiff is not as large as the testimony warranted is no ground for a new trial at the instance of the defendant" (*Mullins* v. *Murphy,* 69 *Ga.* 754; *Roberts* v. *Rigden,* 81 *Ga.* 440, 7 S. E. 742; *Ellis* v. *U. S. Fert. Co.,* 64 *Ga.* 571) ; but when a verdict is manifestly, from the pleadings and the evidence, the result of a plain mistake in calculation, against the complaining party, such verdict can be corrected by a reviewing court, by a new trial or direction.

Complaint, from city court of Sandersville—Judge Burch. March 18, 1907.

Argued October 28,—Decided November 25, 1907.

*R. L. Gamble, Evans & Evans,* for plaintiff in error.

*James K. Hines, E. C. Armistead,* for defendant.

POWELL, J.  Gilmore sued the assignee of the Davisboro Bank for the balance of his deposit account.  Two items only were in dispute at the trial.  He claimed a credit of $600 which had not been allowed him, and the assignee, in addition to denying this credit, set up that there was an error in his pass-book and the account taken therefrom and attached to the petition, in that an item of $498.12 was twice included, when it should appear but once.  This last error, it is claimed, arose by reason of the fact that on the pass-book there were posted three individual items of $300, $160.62, and $37.50, and then the total of these items, $498.12.  The plaintiff sued for $703.75.  If he was entitled to the credit of $600, and the credit of both the total $498.12 and the three individual items which aggregate that amount, the above was the sum to which he was entitled.  There was introduced in

evidence a paid check given by Gilmore on the bank, for $200, which had not been credited on the pass-book, but which Gilmore recognized to be a good charge against him; for in the account attached to the petition he deducts this check, in order to make the sum due $703.75, instead of $903.75, as it otherwise would be. The pass-book was in evidence; and the balance marked due, after crediting the $600 and deducting $498.12, on account of the double credit of that sum, but not deducting for the $200 check, was $505.63, the exact amount of the verdict. The plaintiff's testimony showed plainly and unequivocally that he was entitled to the credit of $600. Only by weak inference and generality of statement does he claim both the $498.12 and the individual items composing that sum; while the evidence of error in crediting the amount twice is overwhelming. He did not dispute the correctness of the $200 item which should be charged against him. It is apparent, therefore, that the jury intended to find in favor of the plaintiff as to the $600 item, and against him as to the $498.12, but that in their calculation they used the pass-book, on which the $200 check was not charged, and thereby overlooked it. The judgment will therefore be affirmed upon the condition that the plaintiff shall, within twenty days from the time the remittitur of this court is filed in the office of the clerk of the trial court, write off from his judgment the sum of $200, and interest on that sum from November 5; 1904, and that in default of compliance with this condition a new trial is granted.

*Affirmed on condition.*