### CHARLESTON & WESTERN CAROLINA RY. CO. *v.* BURCKHALTER.

HILL, J. 1. The declaration in this case was demurred to on numerous grounds, both general and special. It was amended in several particulars. The demurrers were again renewed, and a number of additional grounds of demurrer were added. The demurrers were overruled. *Held,* that there was no error in overruling the demurrers on the grounds therein set out, except as hereafter stated.

2. A number of the grounds of demurrer were speaking in character and dependent on facts not appearing on the face of the petition. There is nothing in the petition to show that the cars which were being coupled were engaged in interstate commerce, or whether they were or were not equipped with safety appliances for coupling as required by the act of Congress as to cars falling within its purview; and the grounds of demurrer which assumed that such were the facts, and sought to set up the contention that the plaintiff's intestate was himself negligent in view of the requirements of that act, were speaking in character.

3. Paragraph 18 of the petition alleges as follows: "That said defendant company was negligent in starting said train while the said [employee] was engaged in the act of uncoupling said cars, or in starting said

train, while the said [employee] was in the act of coming from between the said cars after uncoupling the same, thereby crushing him so severely," that he died from the effects thereof. One ground of special demurrer attacked this paragraph for the reason, among others, that "plaintiff fails to allege . . why the engineer was negligent in starting the said train and how he knew that said [employee] was between the said cars on the occasion in question. Defendant moves to strike said paragraph 18 from said petition, because it fails to specify any act of negligence upon which plaintiff could recover." *Held,* that paragraph 18 was subject to this ground of special demurrer, in that it failed to show that the engineer knew that this coemployee was engaged in coupling, or was between the cars, or that he was put on notice of such fact, or why it was negligent for him to start the train at that time.

4. In another paragraph of the petition it was alleged: "That on the date aforesaid, the said [employee], in the performance of his duty, undertook to go between two box-cars on said train, for the purpose of uncoupling them. That about twenty feet from the point where the said Burckhalter was engaged in the performance of the duty hereinabove described, the track curves towards the river, and the engineer and the switchman on said train were on the south side of said train. That while the said [employee] was engaged in this work between the said two box-cars, the engineer of said defendant negligently started said train in motion, without first having received any signal whatsoever from the said [employee], with the result that said [employee] was crushed," etc. While this paragraph was demurred to, no special demurrer was urged on the ground that it failed to show why it was negligent for the engineer to start the train without a signal, or why it was his duty to await a signal before starting. The petition therefore was not subject to be stricken on general demurrer. *Seaboard Air-Line Railway* v. *Pierce,* 120 *Ga.* 230 (47 S. E. 581).

5. Under the facts set out in the foregoing headnotes, direction is given that the grounds of special demurrer to the 18th paragraph of the petition be sustained and this paragraph be stricken from the petition, and otherwise that the judgment overruling the demurrers be affirmed. The plaintiff in error, having obtained a material modification of the judgment to which exception is taken, is entitled to the costs of bringing the case to this court.

*Judgment affirmed, with direction.   All the Justices concur.*

MAY 15, 1912.

Action for damages. Before Judge Hammond. Richmond superior court. August 15, 1911.

The widow of Burckhalter sued to recover on account of his homicide. The defendant railway company excepted to the overruling of its demurrer to her petition, in which was alleged the following: Burckhalter was a foreman of a train of the company, having been employed by it in various capacities for two or three years. His duties placed him in charge of the train, and required

him to do what was necessary in making it up, coupling and un-coupling cars when necessary. He was assisted only by the engineer, fireman, and switchman. On the night of October 4, 1910, about half past nine o'clock, he was making up his train on the defendant's tracks in Augusta, north of a platform adjoining the Union Compress. He found it necessary to have uncoupled two box-cars that stood at this place. It was his duty to uncouple them, he having no one else to do this work, as the other members of the crew were engaged in performing other duties, the engineer and fireman being on the engine, and the switchman being on the south side of the engine for the purpose of signaling to Burckhalter, who was 250 or 300 feet from the engine. Between him and the engine the railroad track curved outward. At a point about 19 feet from its northwest corner the compress platform was supported by a sleeper that jutted out about three inches beyond the platform. The distance between the platform sleepers and the cars on the track varied from three to eight inches; and in some cases, where the car was large, it would scrape against the sleepers. It was absolutely necessary to uncouple the cars from the side on which the engineer and the switchman were at work. Burckhalter went between two cars and the compress platform, for the purpose of uncoupling them, in the line of his duty; and while so engaged, the engineer negligently started the train in motion, without any signal from Burckhalter, with the result that he was caught between the cars and the sleeper and so crushed that he died. This was caused by no negligence on his part, but was due solely to the negligence of the defendant. He did not know and had not equal means of knowing of the dangerous proximity of the platform, and could not have known of it by the exercise of ordinary care; but the defendant knew or ought to have known thereof. The defendant was negligent: (1) in moving the train without a signal from Burckhalter; (2) in not using ordinary care to maintain safe premises on which he could perform his duties, and in maintaining the track so dangerously near the platform; (3) in not furnishing an adequate number of servants to do the work with reasonable safety; and (4) in starting the train while Burckhalter was in the act of uncoupling the cars, or in coming from between the cars and the platform after uncoupling.

The principal grounds of the general demurrer were, that no

cause of action was stated; that the negligence alleged was not the proximate cause of the homicide; that Burckhalter could have avoided the injury by ordinary care, and it did not appear that he could not do so; that he took the risk of injury by assuming the position between the cars; that it was not alleged that he did not know of the inadequate number of servants before he undertook the uncoupling, nor that he did not know of the platform and the projection from it; and that it was apparent from the petition that he violated the act of Congress of March 2, 1893 (27 Stat. 531), passed for the protection of employees, in that he went between the cars to uncouple them, and was at fault in so doing. A special demurrer was directed to the several paragraphs of the petition, because the plaintiff failed to allege: what kind of foreman Burckhalter was, and what his duties were; under whose control the train was at the time and place in question; why it was necessary to have two cars uncoupled, and what emergency required Burckhalter to do this work; why he did not know of the location of the platform and cars; why he undertook to work next to the platform, thus assuming a dangerous position; why he could not do the work on the other side of the car; what duty necessitated his going between the ends of the cars to uncouple them, and what duty required him to go between the platform and the cars; wherein the inadequate number of servants was the proximate cause of the injury; in what respect the premises were unsafe; why it was assumed in the petition that the location of the track next to the platform was dangerous; why Burckhalter could not do the work safely in view of the exact location of the platform and the cars, and why he should have put himself into such position; under whose control the train was, and why the engineer was negligent in starting it, and how he knew that Burckhalter was between the cars. Also, because the allegations of negligence set forth (in specified particulars) conclusions of the pleader, etc. Also, because the plaintiff failed to allege: that Burckhalter did not assume the risk of injury from the position he took; the position from which he moved before he went between the cars; what order he gave the engineer before he did so; how he could uncouple the cars or train being moved; that the defendant owned, constructed, or controlled the platform; what was the character of the train Burckhalter was making up; whether or not his duties

were prescribed in writing; facts showing any emergency requiring Burckhalter to do the alleged uncoupling, and who created such emergency; why he undertook to uncouple between the cars, and why he did not do this work on the other side of the car, away from the platform. Also, that it appeared from the petition that Burckhalter was the foreman and representative of the defendant, and necessarily knew of the yard, the compress platform, and the location of tracks.

*William K. Miller,* for plaintiff in error.
*C. Henry & R. S. Cohen,* contra.