### 17353.   CHAN *v.* JUDGE.

The only assignment of error in the petition for certiorari being too general, the judge of the superior court did not err in refusing to sanction the certiorari. It is immaterial that the judge assigned a different reason for the refusal to sanction.

DECIDED OCTOBER 5, 1926.

Petition for certiorari; from Chatham superior court—Judge Meldrim. April 6, 1926.

*Odom & Tuten,* for plaintiff in error. *W. M. Farr,* contra.

BLOODWORTH, J. In this case exception is taken to the refusal to sanction a petition for certiorari which complained of a judgment and ruling of a judge of the municipal court of Savannah, dismissing an appeal to a jury in that court. The only attempted assignment of error in the petition for certiorari is as follows: "Petitioner avers that said court erred in sustaining said motion to dismiss, and also in dismissing, said appeal to a jury in said court, and in entering up judgment as aforesaid, all of which rulings and findings of said court petitioner assigns as error." As was said in *Papworth* v. *Fitzgerald,* 111 *Ga.* 56 (36 S. E. 311),

---

Certiorari, 11 C. J. p. 151, n. 51; p. 194, n. 61; p. 221, n. 14 New.

"It [the petition for certiorari] does not even charge that it [the judgment complained of] was contrary to law, or evidence, or in what· particular it is defective, or for what reason it should be set aside. Civil Code, § 4637 [Code of 1910, § 5183], declares that when a party applies to obtain a writ of certiorari by petition to the superior court, he shall plainly and distinctly set forth the errors complained of." The foregoing assignment of error does not conform to this requirement of the statute. See also *Harrell* v. *City of Quitman,* 17 *Ga. App.* 299 (86 S. E. 662), and citations.

(*a*)  The fact that the judge of the superior court refused to sanction the petition for certiorari for another reason is immaterial. The petition was fatally defective and should not have been sanctioned, and the judgment should be affirmed. *Doe* v. *Roe, 20 Ga.* 689 (3) ; *Memmler* v. *State, 75 Ga.* 576; *Gillespie* v. *Mayor &c. of Macon,* 19 *Ga. App.* 1, 2 (90 S. E. 970), and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*