ANDERSON *v.* BEASLEY, administrator, *et al.*

No. 7210. JANUARY 15, 1930.

*W. G. Warnell,* for plaintiff in error. *C. L. Cowart,* contra.

RUSSELL, C. J. T. L. Anderson sued Beasley, as administrator, and others upon an alleged contract for recovery by petitioner of amounts claimed by him under said contract. The jury returned a verdict in favor of the plaintiff for $475 principal, $196 interest, and $125 expenses incurred by the plaintiff in making seven trips from Savannah to Reidsville, and lost time on each occasion in at-

tendance upon court. Beasley and others brought the case by writ of error to this court, and the judgment of the lower court was affirmed upon condition that the defendant in error should write off the $125 before the judgment of the Supreme Court was made the judgment of the court below. *Beasley* v. *Anderson,* 167 *Ga.* 470 (146 S. E. 22). Upon the return of the remittitur to the superior court of Tattnall County Anderson wrote off the $125. The judge of the superior court taxed Anderson with the costs of carrying the case to the Supreme Court and the costs in the Supreme Court. By the present writ of error Anderson challenges the correctness of that ruling, and contends that the costs should have been assessed against Beasley et al.

We are of the opinion that Anderson is subject to the costs, and that the court did not err in so holding. This court has frequently held that where the plaintiff in error obtains a substantial modification of the judgment complained of, he is entitled to have judgment for the costs of bringing the case to this court and those accruing in this court, even where the judgment complained of is affirmed. *Green* v. *Green,* 138 *Ga.* 581 (75 S. E. 603) ; *Finleyson* v. *International Harvester Co.,* 138 *Ga.* 247 (75 S. E. 103) ; *Charleston &c. Ry. Co.* v. *Burckhalter,* 138 *Ga.* 154 (74 S. E. 1076). See also *Scott* v. *Lunsford,* 141 *Ga.* 73 (80 S. E. 316) ; *Burt* v. *Lorentz,* 102 *Ga.* 121 (29 S. E. 137) ; *Flannery* v. *Hightower,* 97 *Ga.* 592 (25 S. E. 371). Many similar cases to this effect could be cited. In the present case it can not be denied that the judgment striking out the item of $125 was a substantial modification of benefit to Beasley et al., and it must be remembered that in order to receive this benefit it was necessary for them to bring the case to the Supreme Court. The judge of the trial court, by overruling the motion for a new trial, had fixed upon them the liability for this $125; and except by review by the Supreme Court by bill of exceptions this liability could not be removed. Counsel for Anderson contends, that, in so far as a portion of the costs is that which accrued in the Supreme Court, the judge of the superior court was without power or jurisdiction to deal with the subject-matter; and that he erred as to the costs in the superior court for bringing the case to the Supreme Court, for the reason, that, the judgment of the lower court having been affirmed, it necessarily followed that this cost should have been taxed against Beasley et al. As to the

first proposition, we hold that it is within the jurisdiction of the judge of the superior court, upon the return of the remittitur in a case brought by bill of exceptions to this court and in which this court has made no reference to the subject of costs in the case, to incorporate in the judgment the costs allowed by law as costs in the Supreme Court as well as costs of the officers of the superior court for their services in the transmission of the bill of exceptions and transcript of the record to this court. The costs in the Supreme Court are fixed by law, just as are those of the officers of the superior court, and in making final disposition of the case by judgment upon the remittitur they are within the cognizance and jurisdiction of the superior court. The contention most strongly stressed by counsel is that Anderson was not liable for any costs. He argues that if the judgment had been one of reversal unless the defendant in error wrote off the $125, the defendant in error might be liable for the costs; but that inasmuch as the judgment of this court was one of affirmance on condition that the defendant in error should write off $125 from the finding returned in his favor, the costs would naturally follow the course of cases where there is an affirmance generally, that is, that the costs would fall upon the plaintiff in error. We can not concur in this contention, in view of the prior rulings of this court cited above, which apply to cases where there is a substantial modification of the judgment beneficial to the plaintiff in error, which he could not have obtained except by review, and which he did obtain in consequence of his bringing the case to this court. Counsel for the plaintiff in error especially relies upon *Smith* v. *Turnley,* 46 *Ga.* 454, wherein it was held: "The conditional affirmance of the judgment of the superior court by this court, which requires the defendant in error, who was plaintiff below, to write off a portion of the verdict, the whole amount of which was in controversy, does not entitle the plaintiff in error to enter judgment in the court below for costs incurred in the superior court when the defendant in error complies with the condition." However, that case is not in point in the present case, for the question there was whether the plaintiff in error was entitled "to enter judgment . . for costs incurred in the superior court." What we hold in the instant case is that the plaintiff in error in the prior case, having obtained a substantial modification of the judgment excepted to, is entitled to judgment for

costs incurred in bringing the case from the superior court to this court, and for the costs in this court. We are of the opinion that the judge of the superior court did not err in the ruling excepted to. *Judgment affirmed. All the Justices concur.*