28697. WHITE *v.* HOMECRAFT SPREAD COMPANY.

DECIDED FEBRUARY 12, 1941. REHEARING DENIED APRIL 2, 1941.

*R. F. Chance, J. H. Paschall,* for plaintiff in error.
*Y. A. Henderson,* contra.

BROYLES, C. J. Homecraft Spread Company, through its president, A. R. McDaniel Jr., on March 17, 1940, made an affidavit before a justice of the peace that, "J. W. White is indebted to Homecraft Spread Company in the sum of one hundred dollars, and that the said J. W. White absconds." The company made bond and obtained an attachment which was levied on certain personal property as the property of White. Thereafter, the company at the next term of the said justice's court filed a copy of its open account against White, together with the invoices for the goods alleged to have been sold to him; and on the trial the president and manager of the company, and its treasurer, testified that the amount sued for was correct, due, and unpaid, and that for a year or longer they had been unable to locate White and that he had absconded. White demurred to the affidavit and attachment, and the demurrer was overruled. He then filed the following sworn

plea: "Defendant says that more than four years have elapsed since the amount alleged to be due plaintiff by defendant became due and payable; that the said indebtedness is upon an open account and that the same has been due and payable for more than four years; that the defendant has been a resident of Bibb County, Georgia, for more than ten years, and was a resident of said Bibb County, Georgia, up to and until January 12, 1940, and for this reason the said account is barred by the statute of limitations." The justice, sitting without a jury, rendered a judgment in favor of the plaintiff company. Thereafter, White's certiorari, upon a hearing thereof, was overruled by the judge of the superior court, and that judgment is assigned as error.

Under the simple and non-technical rules of pleading permissible in a justice's court, the affidavit and attachment were not subject to the demurrer interposed. See *Smith* v. *Wilson,* 58 *Ga.* 322 (2). The evidence contained in the petition for certiorari, together with the additional evidence set forth in the answer of the trial magistrate, disclosed an issue of fact, to wit, whether the defendant in the attachment proceedings had committed the act of absconding. This was a very material issue; for if he had absconded, the statute of limitations (Code, § 3-706), which he pleaded as his sole defense to the suit against him, would have been arrested so long as he remained concealed. *Tift* v. *Bank of Tifton,* 60 *Ga. App.* 563, 564 (4 S. E. 2d, 495). And the following ruling is well established: "Where, in the trial of a case pending in a justice's court, issues of fact are involved, certiorari will not lie to review the judgment rendered by the magistrate, but there must be an appeal either to a jury in that court or to the superior court. *Benton* v. *Hynes,* 100 *Ga.* 95 (26 S. E. 469); *Toole* v. *Edmondson,* 104 *Ga.* 776, 780 (31 S. E. 25). In this case there were disputed questions of fact, and there having been no appeal, the judge of the superior court did not err in overruling the petition for certiorari." *Ocilla Oil &c. Co.* v. *Durant,* 17 *Ga. App.* 547 (2, 3) (87 S. E. 814). It follows that in the instant case the overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. It is stated that this court in its decision "overlooked the material fact that 'the president and manager of the

company and its treasurer,' *did not testify* 'that for a year or longer they had been unable to locate White,' nor did they testify that White had absconded in the sense that he had been absconding for a period of a year or more, but A. R. McDaniel Jr. [the president of the company] did testify that 'I sued out this attachment on the ground that the defendant absconds.'" The evidence shows that the goods sold by the company to the defendant were sold more than four years before the date of the swearing out of the attachment, and the president of the company, as shown by the answer of the trial magistrate, testified as follows: "I have been trying to collect this account ever since it was made. In 1938 I saw Mr. White up here about the Spread house formerly run by the Alto Spread Company, and asked him when he was going to pay my account. He did not deny the account at that time and told me he would pay it. I sent him a statement nearly every month. I did not go to Macon to try to find the defendant because I considered it useless, as I thought if the U. S. mails could not find him I could not. . . I never knew of Mr. White denying this debt until to-day. He did not deny it the next day after we levied on his automobile, but stated that he wanted to pay it but could not pay it at that time." The answer of the trial magistrate sets out the following additional evidence: R. P. Hood testified: "I am an officer of the Homecraft Spread Company. . . I talked with Mr. White the next day after the attachment was levied, and at that time he admitted that he owed the debt and promised me that he would pay it off at $10 per month if we would release the levy on his car. Since he had been promising us that he would pay the debt for four years, and had not paid any part of it, I did not consider his word worth anything, and told him we would not dismiss the levy. To-day is the first time that I have ever known that he was denying the debt. He did pay $5 in 1936 on the account." While White testified that he was living in Macon, Georgia, when he was trading with the plaintiff company, and lived there until January 12, 1940, the untraversed answer of the magistrate contains the following statement: "Also, on cross-examination, the defendant could not give any coherent statement as to where he had lived in Macon. He never would testify what street and time he resided at the various places. As I recall his testimony, he stated on direct examination that he had lived at seven

different places in Macon, but on cross-examination he could only name three, or at the most four. . . He admitted that he did not deny the amount of the account the next day after the attachment was levied and that he had promised Mr. R. P. Hood that he would pay the debt if he would release the levy on his car." We reiterate that the evidence raised a material issue of fact, to wit, whether the defendant in the attachment proceedings had committed the act of absconding; and that where an issue of fact is involved on the trial of a case in a justice's court *certiorari* will not lie to review the judgment rendered by the magistrate, but there must be an *appeal,* either to a jury in that court or to the superior court. *Benton* v. *Hynes,* 100 *Ga.* 95 (26 S. E. 469); *Toole* v. *Edmondson,* 104 *Ga.* 766, 780 (supra). The other grounds of the motion show no cause for a rehearing of the case.

*Motion denied. MacIntyre and Gardner, JJ., concur.*