## DAVIS v. DAVIS.

No. 16969. FEBRUARY 16, 1950.

*H. C. Schroeder* and *George D. Anderson*, for plaintiff.

*Luther C. Hames, Jr.*, for defendant.

ALMAND, Justice. Mrs. Mary Elizabeth Davis filed her suit against Tom Davis Jr., and prayed for the grant of a total divorce, and for permanent alimony for the support of herself and a minor child. On the trial of the case, the jury refused to grant a divorce to either party, but awarded a specific sum of money to be paid monthly by the husband as alimony for the support of the plaintiff and the minor child. A decree was entered on January 19, 1949, in accordance with the verdict. On March 19, 1949, during the term at which the decree was entered, the defendant filed a motion to set aside the judgment on

the grounds, (a) that the judgment for alimony for the support of the plaintiff and minor child was unauthorized because the jury denied a divorce to both parties; and (b) that the jury returning the verdict on which the award was based had not been qualified as provided by law. On this motion the court entered a rule nisi, and on the hearing the plaintiff interposed a demurrer upon the grounds, (a) the motion to set aside the judgment was not filed within 30 days from the date of the judgment; and (b) no motion for a new trial was filed within 30 days from the date of the judgment. The demurrer being overruled, exceptions pendente lite were entered, and the court thereupon entered an order modifying the decree by striking therefrom the award of monthly alimony for the support of the wife, on the ground that the jury having denied both parties a divorce, and the plaintiff's prayer for herself being incidental to her prayer for divorce, the award of alimony for her support was improper and void.

■ A court has plenary control over its judgments during the term at which they were rendered, and may for cause shown modify same. *Bank of Tupelo* v. *Collier*, 192 *Ga.* 409 (1), 411 (15 S. E. 2d, 499).

■ A judgment may be set aside "for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. Where the illegal provisions of a judgment can be separated from those which are legal, those parts which are illegal may be set aside and the legal provisions allowed to stand. *Chicago Building & Manufacturing Co.* v. *Butler*, 139 *Ga.* 816 (1) (78 S. E. 244).

■ In the trial of a divorce action, where the prayers of the wife for alimony for the support of herself are incidental to her prayers for a divorce, the denial of a divorce by the jury leaves no basis upon which the jury could award alimony for the support of the wife, and the judgment of the court awarding alimony for her support based upon such verdict is without legal force or effect. Compare *Stoner* v. *Stoner*, 134 *Ga.* 368 (4) (67 S. E. 1030); *Brightwell* v. *Brightwell*, 161 *Ga.* 89 (2) (129 S. E. 658); *Meadows* v. *Meadows*, 161 *Ga.* 90 (2) (129 S. E. 659); *Mullally* v. *Mullally*, 199 *Ga.* 708 (3) (35 S. E. 2d, 199).

■ The provision of Code §· 30-101, as amended by the act

of 1946 (Ga. L. 1946, pp. 90, 91, Code, Ann. Supp., § 30-101), as to filing a motion to modify or set aside a judgment for a divorce and alimony within thirty days from the date of such verdict or judgment, applies only in cases where a divorce is granted. *Huguley* v. *Huguley*, 204 *Ga.* 692 (2) (51 S. E. 2d, 445). There was no error in overruling the demurrer of the defendant to the motion to set aside the judgment, nor in modifying the judgment.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents, and Atkinson, P. J., who dissents from the 4th division of the opinion. Hawkins, J., disqualified.*