43984.   GREENE v. GULF OIL CORPORATION.

ARGUED OCTOBER 7, 1968—DECIDED JANUARY 7, 1969—
REHEARING DENIED JANUARY 24, 1969—

88

*Greene & Greene, James E. Greene,* for appellant.

*Stone & Stone, Hugh W. Stone, John C. Lee,* for appellee.

EBERHARDT, Judge. ■ Is this judgment void because of the provisions of *Code* § 24-1302 relative to the continuance of a case in the justice court wherein a counter-affidavit or a verified defense has been filed? We think not.

As Judge Powell pointed out in dealing with a similar provision as to a suit on a written obligation, "The manifest legislative intent is to give to the plaintiff the right to exercise his own volition as to whether the trial shall be had at the first term or the second, subject, of course, to the right of the defendant to continue for cause. This gives to the plaintiff no undue advantage. It merely protects him against the legal surprise which may arise from the filing of the plea, and affords him the time, if he needs it, to make preparation to meet the matters set up in defense. The defendant has already had 10 days' notice of the plaintiff's demand, and is, therefore, ordinarily expected to be ready for trial at the first term. If the plaintiff is also ready, there is no need for further delay. The law may justly extend to the plaintiff, if he wishes it, further time to meet a plea just filed, without affording the defendant further delay when he is or should be ready for trial. Of course, if the defendant is not ready, and can make a proper showing for a continuance, the magistrate may grant it." *Williams v. Fain & Stamps,* 2 Ga. App. 136, 139 (58 SE 307).

The provisions of *Code* § 24-1302 relative to a continuance of the case upon the filing of the counter-affidavit or verified defense are obviously intended for the benefit of the plaintiff, not

the defendant. It is the plaintiff who might complain if the magistrate refused to continue the case and rendered a judgment adverse to him.

Even if it were error to proceed with the disposition of the case at the first term, that procedure was harmless as to the defendant, and the plaintiff, making no exception, has waived it. This is particularly true under the assertion in his petition for certiorari that the defendant, having filed his plea and answer, advised the magistrate "in advance of the hearing that he would not be present for the hearing," and further, "that if he were present he would rely solely upon the facts set forth in his plea of usury." Moreover, as defendant points out in his brief to this court, no point was raised in the trial court or in the petition for certiorari relative to the failure of the justice of the peace to continue the case, and no error is enumerated in this appeal on that ground.

Generally no judgment can lawfully be rendered by the magistrate on the verified account, once a verified defense is filed contesting all or any portion of the account, without additional supporting evidence, and it is to permit the plaintiff to procure the additional needed evidence that a continuance must be granted.

■ However, where, as here, the defendant makes a solemn admission in his answer or plea that the plaintiff's demand, or some portion thereof, is due and correct, no proof is needed of that which is admitted. "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." *Code* § 38-402. This is a codification of the principle announced in *East Tenn. R. Co. v. Kane,* 92 Ga. 187, 192 (18 SE 18, 22 LRA 315) and a number of prior cases, in which it was asserted that "certainly a party should be relieved from proving that which his adversary distinctly alleges," and this he may do "without formally tendering the [pleading] in evidence." "An admission in the pleadings . . . is to be taken as true, and the record should not be burdened by proof of the fact admitted." *Lovell v. Frankum,* 145 Ga. 106 (5) (88 SE 569). "A party to a suit will not be allowed to disprove an admission made in his pleadings, without

withdrawing it from the record." *Florida Yellow Pine Co. v. Flint River &c. Co.,* 140 Ga. 321 (2) (78 SE 900). Here there was no amendment, change or withdrawal of the defendant's plea and the admission of the correctness of the plaintiff's demand to the extent of $46.14 removed any issue as to that and authorized entry of a judgment for that amount without additional proof. *Royal v. McPhail,* 97 Ga. 457 (5) (25 SE 512); *Field v. Manly,* 185 Ga. 464, 466 (195 SE 406); *Armour v. Lunsford,* 192 Ga. 598 (2) (15 SE2d 886); *Alexander Hamilton Institute v. VanLandingham,* 44 Ga. App. 606 (1) (162 SE 304).

■ But since there was neither any admission nor proof from which it could be determined that the $1.75 was a proper and lawful charge against the defendant, and this item was specifically denied and contested as a usurious charge, the inclusion of that in the the judgment was error.

■ The item of $1.75, illegal as a part of the judgment, is nevertheless a separable item and this court is authorized to direct a modification of the judgment by deleting it and allowing the legal part to stand. *Davis v. Davis,* 206 Ga. 559 (2) (57 SE2d 673); *Taylor v. Gilmore,* 3 Ga. App. 93 (59 SE 325); *Finley v. Southern R. Co.,* 5 Ga. App. 722 (64 SE 312); *Lovelady v. Moss,* 50 Ga. App. 652 (3) (179 SE 168); *Parks v. Parks,* 89 Ga. App. 725, 728 (80 SE2d 837); *McLaurin v. Henry,* 90 Ga. App. 864 (2) (84 SE2d 713).

Accordingly, the judgment is affirmed with direction that the sum of $1.75 be written off or the judgment be modified to exclude it. Although this amount is small and would not ordinarily be regarded as a substantial modification of the judgment, yet it is the whole of the amount that was contested in the trial court and, for that reason, we regard the writing off of that amount a substantial modification under these circumstances. Accordingly, the costs on appeal are taxed against the appellee. *Equitable Life Assur. Society v. Gillam,* 195 Ga. 797, 807 (25 SE2d 686); *Anderson v. Beasley,* 169 Ga. 720 (151 SE 360).

*Judgment affirmed with direction. Bell, P. J., Hall, Pannell, Quillian and Whitman, JJ., concur. Deen, J., concurs specially. Felton, C. J., and Jordan, P. J., dissent.*

DEEN, Judge, concurring specially. (a) I reach the conclusion that the judgment in this case should be affirmed but for different reasons.

In the first place, I am inclined to agree that *Code* § 24-1302 which requires the justice of the peace to continue the case in the absence of the plaintiff is a rule for the benefit of the *plaintiff*. The defendant should not be allowed to profit by his own laches on the basis of a statute, however illogical, which grants a right only to the plaintiff. However, I think that part of *Code* § 24-1302 relating to the duty to continue the case in the absence of the plaintiff is irrelevant to this discussion, because the verdict in the amount rendered cannot be supported. *Code* § 24-1302 specifically requires that: "nevertheless, if the defendant shall file his affidavit denying the justice and fairness of the whole *or any part* of such account, the court *shall not give judgment* in favor of the plaintiff for that part of the account so denied and controverted *unless supported by other proof.*" Whether or not we consider the detailed allegations of the plea of usury (which was filed after such pleas were abolished by the Civil Practice Act) as an addendum to the answer, the answer itself contends that $1.75 of the amount sued for constitutes usury. We cannot sweep this amount under the rug by directing that it be written off, simply because it is small. In the first place it constitutes *a part* of the account, so such action is forbidden by *Code* § 24-1302. In the second place, $1.75 may be a small amount, but the question involved, which is whether the practice of Gulf Oil and similar companies in assessing so-called "handling charges" which may run up to 20% a year, is a violation of the usury laws is indubitably both important and productive of very large sums of income, and this court should not dodge a test case because it is framed in miniature. This case must in any event be reversed because the verified pleadings are controverted by a verified answer, unless the defendant has in some other way waived his right to an adjudication of the issue.

This I think he has done. The total amount sued on was $47.89. The defendant stated in his answer that he "admits owing the plaintiff the sum of $46.14"; therefore, he cannot

complain if judgment is entered against him for this amount. Does the remaining alleged indebtedness constitute matter of law or of fact? If the latter, the certiorari should have been dismissed as premature in the absence of a prior appeal to a jury. See *Code* § 6-401; *Toole v. Edmondson & Seay*, 104 Ga. 776, 783 (31 SE 25); *White v. Homecraft Spread Co.*, 64 Ga. App. 715, 716 (13 SE2d 912). Since the summons and account in the justice court show only amounts for articles apparently charged at purchase price, and the answer and plea of usury break down the figures given as purchase price plus interest, there is obviously a question of fact involved as to how much is being charged for what. On this issue the defendant is out of court because he did not take an appeal to a jury.

(b) I have now come full circle. While an amount in a justice court less than $50 which involves a question of fact must be appealed to a jury, certiorari will lie to correct an error of law regardless of the amount. *McKay v. Rowland & Co.*, 20 Ga. App. 403 (1) (93 SE 36). The enumerations of error Nos. 2 and 3, which refer to evidence, cannot be considered by this court. The first enumeration of error contends that "the court below erred as a matter of law by overruling the defendant-appellant's petition for certiorari," and one of the errors assigned in the petition is that the justice of the peace erred "in entering judgment against petitioner on said suit upon open account." *Code* § 19-204 requires that a petition for certiorari shall "plainly and distinctly set forth the errors complained of," and in my opinion the question of whether the justice of the peace should have continued the case in the absence of the plaintiff is not raised with the required specificity and was therefore not before the superior court judge on hearing the application for certiorari. *Chan v. Judge*, 36 Ga. App. 13 (134 SE 925); *Code* § 19-203, annotations under catchword "Assignment of error."

In summary: (1) The question of whether the justice of the peace should have continued the case is not raised by the petition for certiorari and cannot be considered here. (If it should be considered, then I think the statute is for the benefit of the plaintiff only and offers the defendant no basis for error.)

(2) The justice of the peace erroneously entered up a judgment where no evidence was presented.

(3) But the defendant cannot complain of the ruling, since as to a part of the amount sued for the debt is admitted, and as to the remaining part a question of fact is presented which cannot be reviewed on certiorari absent an intermediate appeal to a jury.

I would therefore affirm.

FELTON, Chief Judge, dissenting. It is with regret that I have to disagree with the majority over so trifling a sum of money and I would not if there was not a more vital consideration involved. From the time of the filing of his answer and plea of usury there has only been one simple question in this case and that is whether the sum of $1.75, part of the amount sued for, was tainted with usury. The majority is ruling that the judgment for the $1.75 is illegal. The consequence of this ruling should be a reversal of the denial of the certiorari. It is none of our business whether the parties litigate over this amount of money or not. I can appreciate why they both want an answer to the problem involved which would or might affect their further conduct. By the action and direction taken by this court the parties are prevented from trying the issues raised in this case as to the $1.75. They have that right if they want it and this court has no power to prevent it except by an erroneous judgment and direction. The direction is so worded that if the appellee refuses to write off the $1.75 the court is required to do it for him and the appellee cannot prevent it.

The appeal from the judgment in this case is an appeal from a judgment of $1.75, not of the whole amount of the judgment rendered by the justice of the peace. Therefore, it stands to reason that the rationale and citations in Division 4 of the opinion are inapplicable and irrelevant in this case.

Jordan, P. J., concurs in the foregoing dissent.